## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

```
-------------------------------------------------------------------X
STEPHEN COWART, JOSEPH HURST, and          :
KENNETH RAHN, JR.,                          :
                                            :
                     Plaintiffs,            :
                                            :
          v.                                :
                                            :
ILA LOCAL 1475 CLERKS AND CHECKERS          :          4:25-cv-00199-RSB-CLR
UNION, INC., GEORGIA STEVEDORE              :
ASSOCIATION, BENNY HOLLAND, JR., RICKY      :
DELOACH, FRANK RYAN, JR., STEVE SIMS,       :
NORMAN MASSEY, TRACY O'CONNELL,             :
MICHAEL PARSONS, DENNIS DAGGETT,            :
ALAN ROBB, HAROLD DAGGETT, and John         :
Doe(s) 1-10,                                :
                                            :
                     Defendants.            :
-------------------------------------------------------------------X
```

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS
### HAROLD DAGGETT'S, DENNIS DAGGETT'S AND BENNY HOLLAND, JR.'S
### MOTION TO DISMISS PURSUANT TO RULE 12 (b)(6)

MAZZOLA MARDON, P.C.          BIGNAULT & CARTER, LLC
39 Broadway, 34th Floor       W. Paschal Bignault
New York, NY 10004            130 Canal Street, Suite 401
(212) 425-3240                Pooler, GA   31322

*Attorneys for Defendants Harold Daggett,*   *Local Counsel for Defendants Harold Daggett,*
*Dennis Daggett, and Benny Holland, Jr.*      *Dennis Daggett, and Benny Holland, Jr.*

1003-655
147524

# TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................ 1

BACKGROUND AND FACTS ........................................................................................... 2

STANDARD OF REVIEW ................................................................................................. 5

ARGUMENT ...................................................................................................................... 6

I.   COUNTS 2, 4, AND 5 FAIL TO PLAUSIBLY ALLEGE
     ANY CLAIMS, WHETHER STATE OR FEDERAL ............................................... 6

II.  THE STATE-LAW CLAIMS IN COUNTS 2, 4 AND 5 OF THE
     COMPLAINT ARE COMPLETELY PREEMPTED BY
     FEDERAL LABOR LAW, INCLUDING SECTION 301 OF THE
     LMRA AND THE FEDERAL DUTY OF FAIR REPRESENTATION ............................ 8

     A.   Since The State-Law Claims Are Preempted,
          The Six-Month Statute Of Limitations Applies,
          And Plaintiffs' Claims Are Therefore Time-Barred .................................. 11

III. PLAINTIFFS HAVE NOT PLAUSIBLY ALLEGED
     MOVING DEFENDANTS VIOLATED THE DFR ......................................... 13

IV.  THE MOVING DEFENDANTS CANNOT BE
     INDIVIDUALLY LIABLE FOR A BREACH OF DFR CLAIM
     AND OWED NO DFR TO PLAINTIFFS ANYWAY ...................................... 15

V.   PLAINTIFFS ARE NOT ENTITLED TO PUNITIVE DAMAGES
     OR ATTORNEYS' FEES .......................................................................... 18

CONCLUSION .................................................................................................. 19

# TABLE OF AUTHORITIES

**Cases**                                                          **Page(s)**

*Air Line Pilots Ass'n Int'l v. O'Neill*,
    499 U.S. 65 (1991) ................................................................. 9

*Ash v. United Parcel Serv.*, 800 F.2d 409 (4th Cir. 1986) ........................... 14

*Ashcroft v. Iqbal*, 556 U.S. 662C (2009) ........................................... 5, 6

*Augspurger v. Bhd. of Locomotive Eng'rs*,
    510 F.2d 853 (8th Cir. 1975) ....................................................... 9

*Baker v. Newspaper & Graphic Comm'cns Union, Local 6*,
    628 F.2d 156 (D.C. Cir. 1980) ..................................................... 17

*Bartholomew v. AGL Resources, Inc.*,
    361 F.3d 1333 (11th Cir. 2004) ..................................................... 13

*Bazarte v. United Transp. Union*, 429 F.2d 868 (3d Cir. 1970) ...................... 14

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ................................... 5

*BIW Deceived v. Local S6*, 132 F.3d 824 (1st Cir. 1997) ............................... 9

*Bommicino v. GM, LLC*, No. 1:10-cv-2400-JEC,
    2012 WL 1029389 (N.D. Ga. Mar. 26, 2012) ........................................ 13

*Calvo v. Avers*, Civ. No. 16-02783 (KM) (MAH), 2017 WL 385037
    (D.N.J. Jan. 26, 2017) ........................................................... 16

*Cantrell v. Igie*, No. 16-cv-00903 (JGK), 2016 WL 7168220
    (S.D.N.Y. Dec. 8, 2016) .......................................................... 16

*Cobb v. Int'l Longshoremen's Ass'n, Local 1414*,
    No. 14-cv-182(WTM), 2015 WL 5595827
    (S.D. Ga. Sept. 21, 2015) ........................................................ 18

*Condon v. Local 2944, United Steelworkers, etc.*,
    683 F.2d 590 (1st Cir. 1982) ....................................................... 9

*Coppage v. U.S. Postal Serv.*, 281 F.3d 1200
(11th Cir. 2002) ................................................................................................ 12

*Crown Inv's. Inc. v. United Food & Commc'l Workers,*
*Local No. 1657*, 959 F. Supp. 1473 (M.D. Al. 1997) ........................................ 18

*Deboles v. Trans World Airlines, Inc.,*
552 F.2d 1005 (3d Cir. 1977) ........................................................................... 14

*DelCostello v. Int'l Bhd. of Teamsters,*
462 U.S. 151 (1983) .......................................................................................... 10

*Dunn v. Air Line Pilot's Ass'n*, 193 F.3d 1185
(11th Cir. 1999) ................................................................................................ 18

*Dunn v. Air Line Pilots' Ass'n*, 836 F. Supp. 1574
(S.D. Fla. 1993) ................................................................................................ 10

*Erkins v. United Steelworkers*, 723 F.2d 837
(11th Cir.1984) .................................................................................................. 12

*Evangelista v. Inlandboatmen's Union*, 777 F.2d 1390 (9th Cir. 1985) ................ 15

*Farmer v. United Bhd. of Carpenters & Joiners,*
430 U.S. 290 (1977) ............................................................................................ 9

*Fin. Sec. Assurance, Inc. v. Stephens, Inc.,*
500 F.3d 1276 (11th Cir. 2007) ......................................................................... 5

*Ford Motor Co. v. Huffman,*
345 U.S. 330 (1953) ..................................................................................... 14, 15

*Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, (2d Cir. 2015) ........................... 15

*Franklin v. Nat'l Mar. Union*, No. Cir. A. 91-480, 1991 WL 131182
(D.N.J. July 16, 1991) ...................................................................................... 16

*Gatchett v. Retail Wholesale Dep't Store Union*,
No. 2:11–cv–398–MEF, 2013 WL 1336743
(D. Ala. March 29, 2013) .................................................................................. 10

*Globig v. Johns-Manville Sales Co.*,
   486 F. Supp. 735 (E.D. Wisc. 1980) ..................................................................... 9

*Hall v. Pac. Mar. Ass'n*, 281 F. Supp. 54 (N.D. Cal. 1968) ....................................... 15

*Harris v. Schwerman Trucking Co.*,
   668 F.2d 1204 (11th Cir. 1982) ......................................................................... 14

*Hill v. Knott*, Civ. No. 22-1397-RGA,
   2023 WL 6160450 (D. Del. Sept. 21, 2023) ..................................................... 16

*Hoffman v. Lonza, Inc.*, 658 F.2d 519 (7th Cir. 1981) ............................................... 14

*House v. Mine Safety Appliances Co.*,
   417 F. Supp. 939 (D. Idaho 1976) ..................................................................... 9

*Howard v. Lockheed–Georgia Co.*,
   742 F.2d 612 (11th Cir. 1984) ............................................................................. 12

*Humphrey v. Moore*, 375 U.S. 335 (1964) .................................................................. 15

*IBEW v. Foust*, 442 U.S. 42 (1979) ............................................................................. 18

*Int'l Bhd. of Teamsters, Local 30 v. Helms Express, Inc.*,
   591 F.2d 211 (3d Cir. 1979) ................................................................................ 17

*LaFauci v. St. John's Riverside Hosp.*, 381 F. Supp. 2d 329 (S.D.N.Y. 2005) ........... 16

*Leach v. Pan Am. World Airways*,
   842 F.2d 285 (11th Cir. 1988) ......................................................................... 18

*Lingle v. Norge Div. of Magic Chef, Inc.*,
   486 U.S. 399 (1988) ........................................................................................... 8

*Marquez v. Screen Actors Guild, Inc.*,
   525 U.S. 33 (1998) ............................................................................................. 9

*McCullough v. Bd. of Regents of the Univ. Sys. of Georgia*,
   623 F. App'x 980 (11th Cir. 2015) .................................................................... 5

*Montplaisir v. Leighton,* 875 F.2d 1 (1st Cir. 1989) .................................................. 15

*Morris v. Local 819, Int'l Bhd. of Teamsters*, 169 F.3d 782 (2d Cir. 1999) ............... 15

*Oltmanns v. Int'l Longshoremen's Ass'n, Local 1475*,
 No. 18-cv-188(RSB), 2019 WL 2932754 (S.D. Ga. July 8, 2019),
 aff'd,   837 F. App'x 689 (11th Cir. 2020) ............................................................................. 17

*Proudfoot v. Seafarer' s Int'l Union*,
 779 F.2d 1558 (11th Cir. 1986) ...................................................................................... 12

*Ramsey v. Signal Delivery Serv., Inc.*, 631 F.2d 1210 (5th Cir. 1980) ........................................ 16

*Ray v. Spirit Airlines, Inc*., 836 F.3d 1340
 (11th Cir. 2016) ....................................................................................................... 5

*Real v. City of Fort Myers*, 787 F. App'x 624
 (11th Cir. 2019) ....................................................................................................... 5

*Richardson v. United Steelworkers*, 864 F.2d 1162 (5th. Cir.1989) ............................................. 9

*Roe v. Aware Woman Ctr. for Choice, Inc.*,
 253 F.3d 678 (11th Cir. 2001) ...................................................................................... 5

*Romero v. Local Union 272*, No. 1:15-cv-7583-GHW, 2016 WL 5376210
 (S.D.N.Y. Sep. 23, 2016) ........................................................................................... 16

*Ruzicka v. Gen. Motors Corp.*,
 649 F.2d 1207 (6th Cir. 1981) ...................................................................................... 14

*Savannah College of Art & Design v. School of Visual Arts of Savannah*,
 219 Ga. App. 296, 464 S.E.2d 895 (1995) ........................................................................ 6

*Sine v. Int'l Bhd. of Teamsters, Local 992*,
 730 F.2d 964 (4th Cir. 1983) ....................................................................................... 17

*Speaker v. U.S. Dep't of Health & Human Servs*.,
 623 F.3d 1371 (11th Cir. 2010) .................................................................................... 5

*Steward v. Int'l Longshoreman's Ass'n., Loc. No. 1408*,
 306 F. App'x 527 (11th Cir. 2009) ................................................................................ 6

*Stewart v. Int'l Longshoremen's Ass'n, Local 1408*,
 829 F. App'x 913 (11th Cir. 2020) ................................................................................ 9

*Tongay v. Kroger Co.*, 860 F.2d 298 (8th Cir.1988) ................................................................. 17

*Turner v. Air Transp. Dispatchers' Ass'n*,
   468 F.2d 297 (5th Cir. 1972) .................................................................................. 15

*United Elec., Radio, & Mach. Workers v. NLRB*,
   986 F.2d 70 (4th Cir. 1993) .................................................................................... 16

*Varnes v. Local 91, Glassblowers Ass'n*,
   674 F.2d 1365 (1982) ............................................................................................. 18

*Wainberg v. Mellichamp*, 93 F.4th 1221
   (11th Cir. 2024) ....................................................................................................... 6

*Williams v. Packaging Corp.*, No. 7:06-CV-111(HL),
   2008 WL 2223257 (M.D. Ga. May 22, 2008) ....................................................... 13

**Statutes**

29 U.S.C. § 159(a) ........................................................................................................ 8
29 U.S.C. 185 ..................................................................................................... 8, 10, 11
29 U.S.C. § 185(a) ...................................................................................................... 18
29 U.S.C. § 185(b) ................................................................................................... 1, 16

**Rules**

Fed. R. Civ. P. 8(a) ...................................................................................................... 7
Fed. R. Civ. P. 12 (b)(6) ........................................................................................... 1, 6

<u>UNITED STATES DISTRICT COURT</u>
<u>FOR THE SOUTHERN DISTRICT OF GEORGIA</u>
<u>SAVANNAH DIVISION</u>

```
------------------------------------------------------------------X
STEPHEN COWART, JOSEPH HURST, and       :
KENNETH RAHN, JR.,                      :
                                        :
                  Plaintiffs,           :
                                        :
            v.                          :
                                        :
ILA LOCAL 1475 CLERKS AND CHECKERS      :        4:25-cv-00199-RSB-CLR
UNION, INC., GEORGIA STEVEDORE          :
ASSOCIATION, BENNY HOLLAND, JR., RICKY  :
DELOACH, FRANK RYAN, JR., STEVE SIMS,   :
NORMAN MASSEY, TRACY O'CONNELL,         :
MICHAEL PARSONS, DENNIS DAGGETT,        :
ALAN ROBB, HAROLD DAGGETT, and John     :
Doe(s) 1-10,                            :
                                        :
                  Defendants.           :
------------------------------------------------------------------X
```

<u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS</u>
<u>HAROLD DAGGETT'S, DENNIS DAGGETT'S AND BENNY HOLLAND, JR.'S</u>
<u>MOTION TO DISMISS PURSUANT TO RULE 12 (b)(6)</u>

### <u>INTRODUCTION</u>

Defendants Harold Daggett, Dennis Daggett, and Benny Holland, Jr. ("Moving Defendants") now move to dismiss Plaintiffs' Complaint pursuant to Rule 12 (b)(6) of the Federal Rule of Civil Procedure for the following reasons: (1) the Complaint does not plausibly allege any claim against the Moving Defendants under Rule 8(a); (2) the state-law claims against Moving Defendants are preempted by federal labor and thus barred by the six-month statute of limitations; and (3) Moving Defendants cannot be held individually liable under federal law.

## BACKGROUND AND FACTS

Defendant Harold Daggett is the President of the International Longshoremen's Association ("ILA").   The ILA is an international labor organization headquartered in North Bergen, New Jersey, that represents various longshore workers and related crafts in port cities on the East and Gulf Coasts of the United States.   Defendant Dennis Daggett is the Executive Vice President of the ILA and Defendant Benny Holland, Jr. is the Executive Vice President Emeritus of the ILA.   Defendant ILA Local 1475 Clerks and Checkers Union, Inc. ("Local 1475") is one of many local unions affiliated with the ILA.   Local 1475 represents clerks and checkers working in the Port of Savannah.

The various plaintiffs are so-called "deck and dock workers" in the Port of Savannah who joined Local 1475 in 2011.[1]   Local 1475 had until that time only represented clerks and checkers. Unlike clerks and checkers who perform clerical work on the docks, deck and dock workers also perform some manual loading and unloading of cargo.

After the deck and dock workers joined, Local 1475 successfully negotiated a new collective bargaining agreement for them: the 2013 Memorandum of Understanding (the "2013 MOU"), which was signed by Defendant Georgia Stevedores Association (GSA) on behalf of management, and by Local 1475 on behalf of labor.   *See* ECF #1-1, Ex. A.   The 2013 MOU set forth the terms and conditions of employment for the deck and dock workers at the various marine terminals in the Port of Savannah.   Plaintiffs allege that these terms and conditions were inferior to those of the clerks and checkers with respect to wages, seniority, job opportunities, and other areas.

---

[1]  For purposes of this *Motion to Dismiss Brief*, Moving Defendants accept all factual allegations in the *Complaint* as true.

1003-655
147524                                                                    2

After the 2013 MOU was signed, the deck and dock workers began alleging that there were "inequities" in the agreement and "fundamental conflicts in the Local" existed regarding the deck and dock seniority system. ECF #1-1, ¶ 35. Thus, "[p]ortend[ing] to end the seniority debate," ILA Local 1475 entered into a second agreement with GSA: the 2019 Seniority Agreement (the "2019 MOU"). *Id.* at ¶ 28. The 2019 MOU was ratified by the majority of Local 1475's membership, passing by a comfortable margin and receiving support from multiple deck and dock workers. *Id.* at ¶ 34. However, Plaintiffs allege that ILA Local 1475 and GSA "fraudulently influenced the 2019 MOU vote and the 2019 MOU only solidified the deck and dock workers' "second-class" status. *Id.* at ¶ 33.

In 2021, the deck and dock workers petitioned Defendant Harold Daggett, as president of the ILA, asking the ILA to impose an emergency trusteeship over Local 1475. ¶¶ 35-36. The deck and dock workers evidently hoped that a trusteeship would rectify what they perceived as problems with the Local's seniority system. *Id.* However, on June 4, 2021, the ILA's Executive Council voted not to impose a trusteeship, but to appoint a committee led by Executive Vice President Emeritus Holland to investigate the seniority issues and propose a solution to President Daggett (the "Holland Committee").[2] *Id.* at ¶ 36.

Plaintiffs' Complaint contains seven counts. Counts 6 and 7 seek attorneys' fees and punitive damages from all Defendants. But of the substantive counts, the Moving Defendants are only named in Counts 2, 4, and 5. More precisely, Holland is named in Counts 2 and 5, while Harold and Dennis Daggett are only named in Count 4.

---

[2] Plaintiffs conspicuously omit any facts regarding the findings of the Holland Committee or any subsequent steps taken by the ILA regarding Local 1475's seniority system.

Count 2, entitled "Civil Conspiracy, Unfair Practices" alleges that Holland conspired with Local 1475 and its officers to "discriminat[e] against deck and dock workers and depriv[e] them of fair representation, equal benefits, and equal employment opportunities within the union" by negotiating the 2013 and 2019 MOUs that allegedly "established a separate and unequal seniority system" and "spread[] misinformation to influence the vote on the 2019 MOU." *Id.* at ¶¶ 73, 74.

Count 4, entitled "Breach of Fiduciary Duty, Failure to Address Complaints," alleges that Harold Daggett and Dennis Daggett breached their fiduciary duty to Plaintiffs by failing to intervene and address the deck and dock workers' concerns over seniority. *Id.* at ¶ 85. Plaintiffs allege that the failure to impose a trusteeship "betray[ed] [] the union's duty to represent all its members fairly." ECF #1-1. *Id.* at ¶87. This failure led to "continued economic loss," "loss of fair representation within the union," and "denial of equal employment opportunities." *Id.* at ¶ 87. Plaintiffs allege that deck and dock workers raised the inequities in the seniority system in letters sent to Harold Daggett in 2021. *Id.* at ¶ 36. However, Plaintiffs allege no facts about Dennis Daggett.

Count 5, entitled "Civil Conspiracy, The Shipping Companies," alleges that Holland engaged in a conspiracy with the shipping companies to "undermine the seniority rights of deck and dock workers" and "give shipping companies unprecedented control over the union hiring process." *Id.* at ¶ 93. Holland allegedly conspired to "implement special provisions in the 2013 MOU that allowed for name selection rather than seniority-based job assignments," "creat[ed] a separate dispatch system for deck and dock workers," and "den[ied] qualified deck and dock workers access to jobs for when they should have been eligible based on seniority." *Id.* at ¶ 94.

On June 9, 2025, Plaintiffs commenced this action in the Superior Court of Georgia, Chatham County. The Defendants then timely removed the Complaint to this Court on August

25, 2025.  ECF #1.  Prior to the filing of the lawsuit, deck and dock workers brought at least two unfair labor practices before the National Labor Relations Board ("Board") challenging the fairness of the Local's seniority system.  ¶¶ 47-49.  These charges were either withdrawn or dismissed.  *See id.*

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ray v. Spirit Airlines, Inc*., 836 F.3d 1340 (11th Cir. 2016).  A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282–83 (11th Cir. 2007) (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001)).  However, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusion, and a formulaic recitation of the elements of a cause of action will not do."  *Real v. City of Fort Myers*, 787 F. App'x 624 (11th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555).  To avoid dismissal, a complaint must allege enough facts to state a claim to relief that is plausible on its face.  *Speaker v. U.S. Dep't of Health & Human Servs.*, 623 F.3d 1371, 1380 (11th Cir. 2010) (citing *Twombly*, 550 U.S. at 570).  To do this the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level.'"  *McCullough v. Bd. of Regents of the Univ. Sys. of Georgia*, 623 F. App'x 980 (11th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555).  A claim only possesses such plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Speaker*, 623 F.3d at 1380.

A statute of limitations defense is properly raised in a Rule 12(b)(6) motion "where it is apparent from the face of the complaint that the claim is time-barred."    *Wainberg v. Mellichamp*, 93 F.4th 1221, 1224 (11th Cir. 2024); *see also Steward v. Int'l Longshoreman's Ass'n., Loc. No. 1408*, 306 F. App'x 527 (11th Cir. 2009).

## ARGUMENT

## I.

## COUNTS 2, 4, AND 5 FAIL TO PLAUSIBLY ALLEGE<br>ANY CLAIMS, WHETHER STATE OR FEDERAL

Counts 2, 4, and 5 of the Complaint are so vaguely worded that it is not at all clear what causes of action or claims they are meant to allege.

For example, the two counts brought against Holland (Counts 2 and 5) are both entitled "Civil Conspiracy." However, under Georgia law, a claim of civil conspiracy is not a substantive claim; the complaint must allege a conspiracy to **do** something, namely, to commit a **tort**; "the conspiracy of itself furnishes no cause of action."    *Savannah College of Art & Design v. School of Visual Arts of Savannah*, 219 Ga. App. 296, 297, 464 S.E.2d 895 (1995) (citation omitted). Thus, the Complaint appears to say that Count 2 is a conspiracy to commit "unfair practices" by "discriminating" against the deck and dock workers and Count 5 appears to be a conspiracy by Holland, Local 1475 and the Shipping Companies to agree on certain hiring practices.    In both counts, no underlying tort is alleged.    There is no tort for "unfair practices;" an agreement between a union and an employer is not a state-law tort.    There is no cause of action under Georgia law for employees to sue if they believe their workplace is unfair, or even if their employer is "discriminating" against them when that discrimination is not based on a legally protected class—

something the Complaint does not allege.   Therefore, Counts 2 and 5 must fail under Rule 8(a) for failing to state a plausible claim.

If anything, it appears Plaintiffs may be attempting to state claims under **federal** labor law in Counts 2 and 5 by using words like "unfair practices."   However, even assuming that Holland entered the agreements that are alleged, neither count explains with any detail or plausibility why the goals of either "conspiracy" were somehow tortious or illegal under state or federal law.

Count 4, brought against Harold and Dennis Daggett, is similarly lacking.   This count is entitled "Breach of Fiduciary Duty" and alleges that by their refusal to impose a trusteeship over ILA Local 1475 and to then negotiate a collective bargaining agreement on Plaintiffs' behalf, "[t]he Defendants[]. . .  effectively promoted and perpetuated the discriminatory system that disadvantaged deck and dock workers.   It constituted a fundamental betrayal of the union's duty to represent all its members fairly."   ECF #1-1, ¶ 87.   This count does not even attempt to allege how the Daggetts owed a "fiduciary" duty to Plaintiffs as union members.   It does not set forth the source of the supposed fiduciary duty that the Daggetts allegedly had to the Plaintiffs.   It also does not explain why the decision not to impose a trusteeship might be a violation of that duty, and it does not make any allegation about Dennis Daggett **at all**.   Again, this appears to be more of an attempt to bring a federal claim against a labor union, but the elements are not properly set forth.   Accordingly, Count 4 can also be dismissed under Rule 8(a) for failing to plausibly allege why the plaintiffs are entitled to any relief.

## II.

### THE STATE-LAW CLAIMS IN COUNTS 2, 4 AND 5 OF THE COMPLAINT ARE COMPLETELY PREEMPTED BY FEDERAL LABOR LAW, INCLUDING SECTION 301 OF THE LMRA AND THE FEDERAL DUTY OF FAIR REPRESENTATION

Even if the Complaint were successful in its attempts to allege state-law claims, it is clear that those state-law claims would be completely preempted by federal labor law.   Specifically, the three counts are preempted by Section 301 of the Labor Management Relations Act and the federal duty of fair representation.   *See* 29 U.S.C. 185, *et seq.*

Section 301 of the Labor Management Relations Act (LMRA) preempts any state-law claims whose resolution depends upon the meaning of a collective bargaining agreement.   As the Supreme Cout observed in *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399 (1988):

> [I]f the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law (which might lead to inconsistent results since there could be as many state-law principles as there are States) is pre-empted and federal labor-law principles—necessarily uniform throughout the Nation—must be employed to resolve the dispute.

*Id.* at 405–06.

This preemption doctrine exists to "ensure uniform interpretation of collective-bargaining agreements, and thus to promote the peaceable, consistent resolution of labor-management disputes."   *Id.* at 404.

Likewise, the duty of fair representation (DFR) is derived from the statutory grant in 29 U.S.C. § 159(a), of the exclusive power to represent all employees in the collective bargaining unit.   *See Vaca v. Sipes*, 386 U.S. 171, 177 (1967).   Under the duty of fair representation doctrine, the union's statutory authority to represent all members of a designated unit includes a statutory

obligation to serve the interests of all members without hostility or discrimination and to avoid arbitrary conduct. *Air Line Pilots Ass'n Int'l v. O'Neill*, 499 U.S. 65, 76 (1991).

The Eleventh Circuit has explained that "when a union serves as the exclusive representative of employees in a bargaining unit, the union has a duty 'to represent all members fairly.'" *Stewart v. Int'l Longshoremen's Ass'n, Local 1408*, 829 F. App'x 913, 915-16 (11th Cir. 2020) (quoting *Marquez v. Screen Actors Guild, Inc.,* 525 U.S. 33, 44 (1998). A union breaches the duty of fair representation when its "conduct toward a member. . . is arbitrary, discriminatory, or in bad faith." *Vaca*, 386 U.S. at 190.

Since the duty of fair representation is derived from the Labor Management Relations Act, it is defined solely by federal law, *id*. at 77, and preempts the application of state substantive law. *Vaca*, 386 U.S. at 188-87. The law is clear that the federal statutory duty of fair representation is the primary obligation of a union to members and state law cannot impose additional obligations upon a union in its relationship with its members. *See Condon v. Local 2944, United Steelworkers, etc.*, 683 F.2d 590 (1st Cir. 1982); *Augspurger v. Bhd. of Locomotive Eng'rs*, 510 F.2d 853 (8th Cir. 1975); *Globig v. Johns-Manville Sales Co.*, 486 F. Supp. 735 (E.D. Wisc. 1980); *House v. Mine Safety Appliances Co*., 417 F. Supp. 939 (D. Idaho 1976). This is in keeping with the general doctrine of federal preemption in the area of labor relations law. *See Farmer v. United Bhd. of Carpenters and Joiners,* 430 U.S. 290, 295 (1977).

Thus, the duty of fair representation completely preempts any state law claims that challenge a union's representational activities. *BIW Deceived v. Local S6*, 132 F.3d 824, 830 (1st Cir. 1997); *Richardson v. United Steelworkers,* 864 F.2d 1162, 1169–70 (5th. Cir.1989). (DFR completely preempts state law "because of the congressional intent that federal law, developed to further the goals of the NLRA, entirely govern the duties which an NLRA collective bargaining

representative owes. . . to the workers it represents in that capacity."); *Gatchett v. Retail Wholesale Dep't Store Union*, No. 2:11–cv–398–MEF, 2013 WL 1336743 at *5 (D. Ala. March 29, 2013) (applying complete preemption to state torts alleging DFR claim); *Dunn v. Air Line Pilots' Ass'n*, 836 F. Supp. 1574, 1579-80 (S.D. Fla. 1993) (same).

The Supreme Court discussed the elements applicable to a so-called "hybrid" claim in *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164–65 (1983). The claim is a hybrid because it rests on separate but intertwined claims against the union and the employer:

> The suit against the employer rests on § 301, since the employee is alleging a breach of the collective bargaining agreement. The suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act. "Yet the two claims are inextricably interdependent. 'To prevail against either the company or the Union, ... [the plaintiff] must not only show that [the company action taken against them] was contrary to the contract but must also carry the burden of demonstrating a breach of duty by the Union.'" . . . The employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both.

*Id.*

It is clear in this case that all Plaintiffs' claims relate to the two collectively bargained MOUs and/or the ILA's alleged failure to represent the Plaintiffs' interests adequately. For some examples:

- Paragraph 26 of the Complaint alleges, *inter alia*, that the Moving Defendants failed to protect Plaintiffs' seniority rights, secure job opportunities, and sufficient break times;

- Paragraph 28 alleges the Moving Defendants attempted but failed to secure for Plaintiffs better seniority opportunities under the 2019 MOU;

- Paragraphs 38, 84 and 85 allege Defendants Harold and Dennis Daggett failed to represent Plaintiffs adequately through their refusal to impose a trusteeship over ILA Local 1475;

- Paragraphs 43 and 44 allege that Moving Defendants failed to negotiate adequate contribution rates to Plaintiffs' fringe benefits; and

- Paragraph 72 alleges Defendant Holland worked with other local union defendants to deprive Plaintiffs of contractual benefits.

Counts 2 and 5 allege that Defendant Holland conspired with other defendants to "depriv[e] [the deck and dock workers] of fair representation, equal benefits, and equal employment opportunities within the union," ECF 1-1, ¶ 73, and "to undermine the seniority rights of Deck and Dock workers, give shipping companies unprecedented control over the union hiring process, and further the goal of treating Deck and Dock workers as secondclass union members, *id.* at ¶ 93, respectively. Although vague and conclusory, the allegations are based upon Holland's role as a collective bargaining representative and thus implicate the DFR. Indeed, the alleged conspiracies purportedly "leveraged the union's **supposed duty of fair representation** to actually undermine the interests of a specific group of members." *Id.* at ¶ 46.

Similarly, Count 4 alleges that by their refusal to impose a trusteeship over ILA Local 1475 and to then negotiate a collective bargaining agreement on Plaintiffs' behalf, Harold and Dennis Daggett "effectively promoted and perpetuated the discriminatory system that disadvantaged deck and dock workers. It constituted a fundamental betrayal of the union's **duty to represent all its members fairly**." *Id.* at ¶ 87 (emphasis added). In this case, Plaintiffs' very words are attempting to allege a federal DFR claim even if the complaint does not explicitly say so. *Vaca*, 386 U.S. at 190. Count 4 is likewise preempted by Section 301 of the LMRA and the DFR.

**A.   Since The State-Law Claims Are Preempted,
The Six-Month Statute Of Limitations Applies,
And Plaintiffs' Claims Are Therefore Time-Barred**

Because Count 2, 4 and 5 of the Complaint are preempted by Section 301 and the DFR, Plaintiffs' claims are barred by the six-month statute of limitations set forth in Section 10(b) of the

NLRA.  The Eleventh Circuit has followed *DelCostello* and applied the six-month limitations period to both hybrid § 301/fair representation claims **and to** claims for breach of the duty of fair representation brought only against a union, such as Counts 2 and 4 of the Complaint.   *See Erkins v. United Steelworkers*, 723 F.2d 837, 838 (11th Cir.1984) (holding that six-month limitations period established in *DelCostello* applies to a claim for breach of the duty of fair representation brought only against a union); *see also Coppage v. U.S. Postal Serv.*, 281 F.3d 1200, 1204 (11th Cir. 2002) (same); *Proudfoot v. Seafarer's Int'l Union*, 779 F.2d 1558, 1559 (11th Cir. 1986) (same).

The Eleventh Circuit has also addressed when the six-month limitations period begins to run: "The general rule is that § 10(b)'s six-month limitation period starts running when the plaintiff was or should have been aware of the acts constituting the alleged violation."  *Proudfoot*, 779 F.2d at 1559 (citing *Howard v. Lockheed–Georgia Co.*, 742 F.2d 612, 614 (11th Cir. 1984)). The *Proudfoot* court explained that in the context of a duty of fair representation claim "the timeliness of the suit must be measured from the date on which the employee knew or should have known of the union's final action. . . By final action, we mean the point where the grievance procedure was exhausted or otherwise broke down to the employee's disadvantage."  *Id.*  Going further back, in *Howard*, the court explained that "[i]n the absence of fraud or concealment, § 10(b)'s six-month limitations period starts running when the claimant 'discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged [violation.]'" 742 F.2d at 614 (citations omitted)).

As alleged then, the 10(b) limitations period as to Defendants Harold and Dennis Daggett began to run at the very latest on June 4, 2021, when the ILA informed Plaintiffs that it would not impose an emergency trusteeship over ILA Local 1475.   ECF #1-1, ¶ 36.   This is also the date of

the last allegation involving Defendant Holland and is thus the date the limitations period began to run against him as well. *See id.* at ¶¶ 36-38.

Plaintiff filed the instant lawsuit four years and five days later, on June 9, 2025.  ECF #1-1.  Even viewing the Complaint in the light most favorable to Plaintiffs, it is clear that the DFR claims alleged by Plaintiffs in Counts 2, 4 and 5 of the Complaint have been brought outside the six-month statute of limitation.   29 U.S.C. § 160(b); *accord Bartholomew v. AGL Resources, Inc*., 361 F.3d 1333, 1342-43 (11th Cir. 2004); *see also Bommicino v. GM, LLC,* No. 1:10-cv-2400-JEC, 2012 WL 1029389 at *9 (N.D. Ga. Mar. 26, 2012) (finding that duty of fair representation claim was barred by six-month statute of limitations where the union notified the plaintiff of the settlement of his grievance over a year before he filed the complaint); *Williams v. Packaging Corp.,* No. 7:06-CV-111(HL), 2008 WL 2223257 at *8–9 (M.D. Ga. May 22, 2008) ("[Union] is entitled to summary judgment because Plaintiff's claim is barred by the six-month statute of limitations applicable to fair representation claims.").   The Complaint must therefore be dismissed for failure to state a claim against any of the Moving Defendants.

### III.

### PLAINTIFFS HAVE NOT PLAUSIBLY ALLEGED MOVING DEFENDANTS VIOLATED THE DFR

Even if Counts 2, 4 and 5 of the Complaint were not barred by the limitations period, the Complaint still fails to plausibly allege Defendant Holland breached the DFR due to the wide range of latitude unions are afforded in DFR claims generally, and in negotiation of seniority agreements specifically.   Above all, the Complaint alleges that the 2013 and 2019 MOUs amended the ILA Local 1475 seniority plan through collective bargaining agreement with the employer, Georgia Stevedore Association, and that Plaintiffs were negatively impacted by those negotiations.

As alleged, the 2019 MOU was adopted following a ratification vote by Local 1475's membership. ¶ 29.   Defendant Holland then at least negotiated a deal satisfactory to the majority of the bargaining unit.   *Accord Ford Motor Co. v. Huffman*, 345 U.S. 330, 337 (1953) (The "statutory obligation to represent all members of an appropriate unit requires them to make an honest effort to serve the interests of all of those members").

When it comes to the DFR generally, a union is entitled to a wide range of reasonableness. Federal courts routinely have held that "proof that the union may have acted negligently or exercised poor judgment is not enough to support a claim of unfair representation."   *Bazarte v. United Transp. Union,* 429 F.2d 868, 872 (3d Cir. 1970); *see also Vaca*, 386 U.S. at 192; *Ash v. United Parcel Serv.*, 800 F.2d 409, 411 (4th Cir. 1986); *Harris v. Schwerman Trucking Co.*, 668 F.2d 1204, 1206 (11th Cir. 1982); *Hoffman v. Lonza, Inc.*, 658 F.2d 519, 523 (7th Cir. 1981); *Ruzicka v. Gen. Motors Corp.*, 649 F.2d 1207, 1212 (6th Cir. 1981).   And when it comes to seniority agreements specifically, a union's decisions are granted even more deference.   *Deboles v. Trans World Airlines, Inc.*, 552 F.2d 1005, 1016 (3d Cir. 1977) (finding no breach of the DFR where union negotiated an agreement affecting seniority because there was "some objective justification for its conduct"). "[T]he employee's burden remain(s) a substantial one[;] [n]othing less than a demonstration that the union acted with reckless disregard for the employee's rights or was grossly deficient in its conduct will suffice to establish such a [DFR] claim."   668 F.2d at 1206-07 (citations omitted).   Indeed, "seniority adjustments among employee groups governed by a single contract are within the union's discretion and judgment, so long as the seniority disadvantage is not the result of arbitrary reasons unrelated to relevant differences."   552 F. 2d at 1014.

Accepting the allegations in the Complaint in Counts 2 and 5 that Holland negotiated the

2013 and 2019 MOUs to favor the ILA Local 1475 clerks and checkers over Plaintiffs, the Fifth Circuit has expressly held pre-split that this is not a violation of the DFR.   *Turner v. Air Transp. Dispatchers' Ass'n*, 468 F.2d 297, 300 (5th Cir. 1972) ("The fact that a union adopts a position which favors one group of employees over another does not amount to a breach of the duty of fair representation"); *see also Ford Motor Co.*, 345 U.S. at 338 ("Inevitably differences arise in the manner and degree to which the terms of any negotiated agreement affect individual employees and classes of employees. . . .   The complete satisfaction of all who are represented is hardly to be expected.   A wide range of reasonableness must be allowed. . . . " ).   In light of this jurisprudence, the Complaint fails to allege more than mere negligence by Holland in the negotiation of the MOUs.   The Complaint must therefore be dismissed for failure to state a claim against the Moving Defendants.

## IV.

### THE MOVING DEFENDANTS CANNOT BE INDIVIDUALLY LIABLE FOR A BREACH OF DFR CLAIM AND OWED NO DFR TO PLAINTIFFS ANYWAY

Even if this Court were to find a plausible breach of DFR claim within the Complaint, the Complaint still cannot allege a claim against the Moving Defendants because "[a]n official of a union in his individual capacity has no such power, [and] it follows that there [is] no such correlative duty [of fair representation]."   *Hall v. Pac. Mar. Ass'n*, 281 F. Supp. 54, 61 (N.D. Cal. 1968) (citing *Humphrey v. Moore*, 375 U.S. 335, 342 (1964)).

It is at this point a matter of black-letter law that individual union officers are immune from duty of fair representation claims.   *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 388 n.10 (2d Cir. 2015); *Morris v. Local 819, Int'l Bhd. of Teamsters,* 169 F.3d 782, 784 (2d Cir. 1999); *Montplaisir v. Leighton,* 875 F.2d 1, 4 (1st Cir. 1989); *see also Evangelista v. Inlandboatmen's*

*Union,* 777 F.2d 1390, 1400 (9th Cir. 1985); *Ramsey v. Signal Delivery Serv., Inc.*, 631 F.2d 1210,

1212 (5th Cir. 1980); *Calvo v. Avers*, Civ. No. 16-02783 (KM) (MAH), 2017 WL 385037, at *4

(D.N.J. Jan. 26, 2017) (union officials held immune from duty of fair representation claim);

*Cantrell v. Igie*, No. 16-cv-00903 (JGK), 2016 WL 7168220, at *4-5 (S.D.N.Y. Dec. 8, 2016)

("[P]laintiff's claim for breach of the duty of fair representation is properly directed at the Union,

not any of its representatives.  Accordingly, the claims against the Individual Union Moving

Defendants are dismissed."); *Romero v. Local Union 272*, No. 1:15-cv-7583-GHW, 2016 WL

5376210, at *10-11 (S.D.N.Y. Sep. 23, 2016) (breach of duty of fair representation cannot be

alleged against union official); *LaFauci v. St. John's Riverside Hosp.*, 381 F. Supp. 2d 329, 334

(S.D.N.Y. 2005) (same); *Franklin v. Nat'l Mar. Union*, No. Cir. A. 91-480, 1991 WL 131182, at

*4 (D.N.J. July 16, 1991) ( "the language of § 301(b) and the Supreme Court's decision in

*Atkinson*. . . provide[s] a shield for individual union. . . officials" in duty of fair representation suits

and is in line with the other Circuit Courts which have considered the issue "with monotonous

regularity. . ."). Even if the Complaint alleged a violation of the duty of fair representation (it

does not), it cannot allege one against any of the Moving Defendants individually.  And even if

Plaintiffs are allowed to replead Counts 2, 4 or 5 against any other defendants, Defendants Harold

Daggett, Dennis Daggett and Holland, Jr. must be dismissed with prejudice.  *Accord Hill v. Knott*,

Civ. No. 22-1397-RGA, 2023 WL 6160450 (D. Del. Sept. 21, 2023).

Moving Defendants also cannot be liable for a violation of the DFR because they are

officers of the ILA, which is a separate and distinct entity from Local 1475, and the ILA does not

owe a DFR to Plaintiffs in the negotiations challenged by the Complaint.  International labor

unions are separate, distinct entities from their local affiliates.  *See United Elec., Radio, & Mach.*

*Workers v. NLRB*, 986 F.2d 70, 75 (4th Cir. 1993).  To allege the Moving Defendants violated the

DFR, Plaintiffs must allege that the ILA owes this duty to them.    However, an international union that is not the employees' bargaining representative or a party to the local collective bargaining agreement does not owe a duty of fair representation.    *See Baker v. Newspaper & Graphic Comm'cns Union, Local 6*, 628 F.2d 156, 166 (D.C. Cir. 1980) (rejecting "claim that the International violated its duty of fair representation" where it "was neither the bargaining representative nor a party to the collective bargaining agreement"); *see also Tongay v. Kroger Co.*, 860 F.2d 298, 299-300 (8th Cir.1988) (international did not have a duty of fair representation because it was not the exclusive bargaining representative).

Rather, when "the local is designated as the exclusive bargaining agent responsible for representing employees[,] . . . only the local can be held responsible [for the breach of the duty of fair representation]." *Sine v. Int'l Bhd. of Teamsters, Local 992*, 730 F.2d 964, 966 (4th Cir. 1983) (citing *Int'l Bhd. of Teamsters, Local 30 v. Helms Express, Inc*., 591 F.2d 211 (3d Cir. 1979)). The Complaint and the exhibits attached to the Complaint demonstrate that ILA Local 1475, not the ILA, was the representative responsible for representing Plaintiffs in the MOU negotiations. The 2013 MOU was signed by ILA Local 1475 and GSA and only approved by Defendant Holland, Jr., ECF #1-1, p. 38.   The 2019 MOU was not even approved by any of the Moving Defendants. ECF #1-1, p. 52.   The Complaint also alleges that ILA Local 1475 is the exclusive bargaining representative for Plaintiffs and the other clerks and checkers working in the Port of Savannah. ECF #1-1, p. 39.   (2013 MOU recognizing that ILA Local 1475 is the bargaining representative for deck and dock workers); *see also Oltmanns v. Int'l Longshoremen's Ass'n, Local 1475*, No. 18-cv-188(RSB), 2019 WL 2932754, at *1 (S.D. Ga. July 8, 2019), aff'd,   837 F. App'x 689 (11th Cir. 2020) (Local 1475 serves as the exclusive collective bargaining representative for GSA-employed workers performing clerk and checker jobs in the Port of Savannah); *see also Cobb*

*v. Int'l Longshoremen's Ass'n, Local 1414*, No. 14-cv-182(WTM), 2015 WL 5595827, at *1 (S.D. Ga. Sept. 21, 2015).   Because Defendants Harold Daggett, Dennis Daggett and Holland, Jr. did not owe a DFR to Plaintiffs regarding the MOUs, the Complaint must be dismissed against them.

## V.

### PLAINTIFFS ARE NOT ENTITLED TO PUNITIVE DAMAGES OR ATTORNEYS' FEES

Count 6 and 7 of the Complaint request that this court impose punitive damages and attorney fees as additional relief from all named Defendants.

First, requests for punitive damages are not available in DFR cases.   *IBEW v. Foust*, 442 U.S. 42, 49 (1979); *Leach v. Pan Am. World Airways*, 842 F.2d 285, 289 (11th Cir. 1988).

Moreover, the trial courts in this Circuit have recognized the "general rule that punitive damages are not allowed in. . . actions brought under § 301."   *Crown Inv's., Inc. v. United Food & Commc'l Workers, Local No. 1657*, 959 F. Supp. 1473, 1480 (M.D. Al. 1997) (gathering cases). The Eleventh Circuit has likewise recognized that "[t]he Labor Management Relations Act does not authorize the granting of attorney's fees for violations under § 301(a) of the Act" except in exceptional cases.   *See Varnes v. Local 91, Glassblowers Ass'n*, 674 F.2d 1365, 1369 (1982).

For the reasons set forth above, as to the DFR claim alleged against Defendant Holland in Counts 2 and 5, given the wide latitude unions are permitted to negotiate contracts and seniority agreements specifically, there is no exceptional justification alleged here.   Further, as to the claim alleged against Defendants Harold and Dennis Daggett, the ILA's decision not to impose the trusteeship is owed substantial deference, and the Court should not read in bad faith where none has been articulately alleged by Plaintiff.   *See Dunn v. Air Line Pilot's Ass'n*, 193 F.3d 1185, 1197 (11th Cir. 1999) (holding union's "interpretation of its own governing documents is entitled to

considerable judicial deference, subject to judicial review only if 'patently unreasonable' or adopted in bad faith.").  Count 6 and 7 of the Complaint must therefore be dismissed against the Moving Defendants as well.

## CONCLUSION

For the foregoing reasons, the Moving Defendants request that this Court dismiss the Complaint with prejudice.

Dated:   New York, New York
         September 16, 2025


Respectfully submitted,

MAZZOLA MARDON, P.C.                    BIGNAULT & CARTER, LLC


/s/ John P. Sheridan                     /s/ W. Paschal Bignault
John P. Sheridan                         W. Paschal Bignault
Daniel Wolff                             Parkway Professional Plaza, 130 Canal Street,
Nicholas M. Graziano                     Suite 401
39 Broadway, 34th Floor                  Pooler, GA   31322
New York, NY 10004                       (912) 356-0388
(212) 425-3240                           pbignault@bc-laws.com
jsheridan@mmmpc.com

                                         *Local Counsel for Defendants Harold Daggett,*
*Attorneys for Defendants Harold Daggett,*   *Dennis Daggett, and Benny Holland, Jr.*
*Dennis Daggett, and Benny Holland, Jr.*

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

```
-----------------------------------------------------------------X
STEPHEN COWART, JOSEPH HURST, and          :
KENNETH RAHN, JR.,                         :
                                           :
                    Plaintiffs,            :
                                           :
            v.                             :
                                           :
ILA LOCAL 1475 CLERKS AND CHECKERS         :        4:25-cv-00199-RSB-CLR
UNION, INC., GEORGIA STEVEDORE             :
ASSOCIATION, BENNY HOLLAND, JR., RICKY     :
DELOACH, FRANK RYAN, JR., STEVE SIMS,      :
NORMAN MASSEY, TRACY O'CONNELL,            :
MICHAEL PARSONS, DENNIS DAGGETT,           :
ALAN ROBB, HAROLD DAGGETT, and John        :
Doe(s) 1-10,                               :
                                           :
                    Defendants.            :
-----------------------------------------------------------------X
```

## CERTIFICATE OF SERVICE

The undersigned certify that we have on this day served all the parties in this case with this

*Memorandum of Law in Support of Defendants Harold Daggett's, Dennis Daggett's and Benny*

*Holland, Jr.'s Motion to Dismiss Pursuant to Rule 12 (b)(6)* in accordance with the notice of

electronic filing ("NEF") which was generated as a result of electronic filing in this court.


Dated:    New York, New York
          September 16, 2025

Respectfully submitted,

MAZZOLA MARDON, P.C.                    BIGNAULT & CARTER, LLC


/s/ John P. Sheridan                         /s/ W. Paschal Bignault
John P. Sheridan                         W. Paschal Bignault
Daniel Wolff                             Parkway Professional Plaza, 130 Canal Street,
Nicholas M. Graziano                     Suite 401
39 Broadway, 34th Floor                  Pooler, GA   31322
New York, NY 10004                       (912) 356-0388
(212) 425-3240                           pbignault@bc-laws.com
jsheridan@mmmpc.com

*Attorneys for Defendants Harold Daggett,*   *Local Counsel for Defendants Harold Daggett,*
*Dennis Daggett, and Benny Holland, Jr.*     *Dennis Daggett, and Benny Holland, Jr.*