# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| STEPHEN COWART, JOSEPH HURST, and KENNETH RAHN, <br><br> Plaintiffs, <br><br> v. <br><br> ILA LOCAL 1475 CLERKS AND CHECKERS UNION, INC., GEORGIA STEVEDORE ASSOCIATION, BENNY HOLLAND JR., RICKY DELOACH, FRANK RYAN JR., STEVE SIMS, NORMAN MASSEY, TRACY O'CONNELL, MICHAEL PARSONS, DENNIS DAGGETT, ALAN ROBB, HAROLD DAGGETT, AND JOHN DOES 1-10 <br><br> Defendants. | CIVIL ACTION NO: <br><br> 4:25-CV-00199-RSB-CLR |

## MOTION TO REMAND TO THE SUPERIOR COURT OF CHATHAM COUNTY, GEORGIA

COMES NOW Stephen Cowart, Joseph Hurst, and Kenneth Rahn ("Plaintiffs"), by and through the undersigned counsel, and respectfully moves this Court pursuant to 28 U.S.C. §1447(c) to remand this action to the Superior Court of Chatham County, Georgia, where it was originally filed. In support of this Motion, Plaintiffs state as follows:

## PROCEDURAL HISTORY

On June 9, 2025, Plaintiffs filed this action in the Superior Court of Chatham County, Georgia, bearing case no. SPCV25-00849-WA.

On August 25, 2025, Defendants filed a Notice of Removal pursuant to 28 U.S.C. §1441, seeking to remove this case to federal court.

This Motion is timely filed within 30 days of Defendants' Notice of Removal.

**GROUNDS FOR REMAND**

**I. Plaintiffs' state law claims are independent, not preempted by Section 301(a) of the LMRA, and do not create federal question jurisdiction.**

1. Removing Defendants state, inaccurately, that Section 301(a) of the Labor Relations Management Act ("LMRA") expressly vests federal courts with jurisdiction over claims involving a "violation of contracts between an employer and labor organization representing employees in an industry affecting commerce" and that this provision **completely** preempts state law claims in situations such as Plaintiffs'.

2. While Section 301(a) does preempt claims founded directly on rights created by collective-bargaining agreements, and it does preempt claims substantially dependent on analysis of a collective-bargaining agreement, it does not preempt the claims brought in this action. All of Plaintiffs' claims, which are properly pleaded under Georgia law, are allegations that the process by which collective-bargaining agreements ("CBAs") and/or memorandums of understanding ("MOUs") were formed was corrupt. Importantly, they are not allegations that the terms contained within the CBAs or MOUs were breached, or that the terms within the CBAs or MOUs require the Court's analysis.

3. Section 301 preemption merely ensures that federal law will be the basis for interpreting collective-bargaining agreements, and says nothing about the substantive rights a State may provide to workers when adjudication of those rights does not depend on the interpretation of such agreements. *Lingle v. Norge Division of Magic Chef, Inc.*,

486 U.S. 399, 409.

4. Federal courts draw a clear distinction between state-law claims that require a court to interpret the terms of a collective-bargaining agreement, and state-law claims that exist independently of the provisions of the collective bargaining agreement.

> "Each of these purely factual questions pertains to the conduct of the employee and the conduct and motivation of the employer. Neither of the elements [of a state-law claim of retaliatory discharge] requires a court to interpret any term of a collective-bargaining agreement… thus, the state-law remedy in this case is 'independent' of the collective-bargaining agreement in the sense of 'independent' that matters for §301 pre-emption purposes: resolution of the state-law claim does not require construing the collective-bargaining agreement.")

*Id*. at 407.

5. Plaintiffs' claims do not require the Court to interpret the terms of the collective-bargaining agreements or memorandums of understanding. Plaintiffs allege five Georgia state-law torts, all of which are independent of the collective-bargaining agreement for §301 pre-emption purposes.

6. Plaintiffs' allegation of violations of Georgia's Racketeer Influenced and Corrupt Organizations Act ("RICO") is not subject to §301 preemption.

a. This count, styled as Count I in the complaint, alleges that Defendants engaged in crimes, to wit: wire fraud, embezzlement of union assets, and false statements, in furtherance of a racketeering scheme.

b. While Plaintiffs do contend that this racketeering scheme existed in order to improperly influence union agreements, the racketeering scheme and the underlying crimes exist independently of the collective-bargaining agreement ("CBA") or memorandums of understanding ("MOU") for §301 preemption purposes, because the

Court does not need to interpret the details of any CBA or MOU in order to resolve this state-law claim. Any process of interpretation would provide no relevant information as to the RICO claim, whose elements sit outside of the CBA and/or MOUs.

   c. Plaintiffs are, instead, asking the Court to determine whether a racketeering scheme existed and whether its participants committed crimes as defined by Georgia's state RICO statute, which analysis exists independently of the details of the CBA and/or MOU.

7. Plaintiffs' allegation of civil conspiracy under Georgia state law as to creation of unfair practices is not subject to §301 preemption.

   a. This count, styled as Count II in the complaint, alleges that Defendants entered into a civil conspiracy in order to systematically discriminate against Plaintiffs.

   b. While Plaintiffs do contend that the civil conspiracy existed in order to improperly influence union agreements, the civil conspiracy exists independently of the CBA or MOUs for §301 preemption purposes, because the Court does not need to interpret the details of any CBA or MOU in order to resolve this state-law claim.

   c. Plaintiffs are, instead, asking the Court to determine whether Defendants' actions met the Georgia standard for civil conspiracy. A civil conspiracy under Georgia law is defined as two or more persons conspiring to do some act which is a tort, or else to do some lawful act by methods which constitute a tort. *See Rogers v. Dupree*, 340 Ga. App. 811, 817 (2017). This analysis exists independently of the details of the CBA and/or MOU, and does not involve the analysis of a contract.

8. Plaintiffs' allegation of breach of fiduciary duty under Georgia state law as to creation of unfair practices is not subject to §301 preemption.

a. This count, styled as Count III in the complaint, alleges that Defendants failed to act in the best interests of Plaintiffs as required by Georgia law regarding fiduciary relationships, by creating and engaging in a system of unfair practices in a manner inconsistent with the fiduciary duty which Defendants owed Plaintiffs.

b. The breach of fiduciary duty exists independently of the CBA or MOUs for §301 preemption purposes, because the Court does not need to interpret the details of any CBA or MOU in order to resolve this state-law claim.

c. Plaintiffs are, instead, asking the Court to determine if a fiduciary relationship existed between Plaintiffs and Defendants, and if so, whether Plaintiffs acted in a manner that breached their fiduciary duties under Georgia law. Under Georgia law, breach of fiduciary duty sounds in tort, not in contract. Plaintiffs are not asking the Court to examine the terms of the contract to establish this claim.

9. Plaintiffs' allegation of breach of fiduciary duty under Georgia state law for failure to address Plaintiffs' complaints is not subject to §301 preemption.

a. This count, styled as Count IV in the complaint, alleges that Defendants failed to act in the best interests of Plaintiffs as required by Georgia law regarding fiduciary relationships, by failing to address complaints in a manner inconsistent with the fiduciary duty which Defendants owed Plaintiffs.

b. The breach of fiduciary duty exists independently of the CBA or MOUs for §301 preemption purposes, because the Court does not need to interpret the details of any

CBA or MOU in order to resolve this state-law claim.

 c. Plaintiffs are, instead, asking the Court to determine if a fiduciary relationship existed between Plaintiffs and Defendants, and if so, whether Plaintiffs acted in a manner that breached their fiduciary duties under Georgia law. Under Georgia law, breach of fiduciary duty sounds in tort, not in contract. Plaintiffs are not asking the Court to examine the terms of the contract to establish this claim.

 10. Plaintiffs' allegation of civil conspiracy under Georgia state law as to the shipping companies is not subject to §301 preemption.

 a. This count, styled as Count V in the complaint, alleges that Defendants entered into a civil conspiracy in order to systematically discriminate against Plaintiffs.

 b. While Plaintiffs do contend that the civil conspiracy existed in order to improperly influence union agreements, the civil conspiracy exists independently of the CBA or MOUs for §301 preemption purposes, because the Court does not need to interpret the details of any CBA or MOU in order to resolve this state-law claim.

 c. Plaintiffs are, instead, asking the Court to determine whether Defendants' actions met the Georgia standard for civil conspiracy. A civil conspiracy under Georgia law is defined as two or more persons conspiring to do some act which is a tort, or else to do some lawful act by methods which constitute a tort. *See Rogers v. Dupree*, 340 Ga. App. 811, 817 (2017). This analysis exists independently of the details of the CBA and/or MOU, and does not involve the analysis of a contract.

 11. Plaintiffs' claims for attorneys' fees and punitive damages are not subject to §301 preemption. They are simply claims for remedies available under Georgia law in

civil actions generally.

## II. The duty of fair representation does not create federal question jurisdiction.

11. Removing Defendants cite *Vaca v. Sipes,* 386 U.S. 171, for the proposition that "Section 301(a) also expressly vests federal courts with jurisdiction over claims that allege a violation of the 'duty of fair representation'."

12. This is, in fact, a complete misreading of the holding in *Vaca.* The U.S. Supreme Court held in *Vaca* that "[a]lthough we conclude that state courts have jurisdiction in this type of case, we hold that federal law governs, that the governing federal standards were not applied here, and that the judgment of the Supreme Court of Missouri must accordingly be reversed." *Vaca* at 174.

13. Removing Defendants' remaining arguments in the duty of fair representation section of their Notice of Removal all go to the issue of whether federal law or state law will apply if Plaintiffs' claims are found to be derived from the union's duty of fair representation. They are inapplicable to the question of whether the case must be removed from state court to federal court.

14. Federal question jurisdiction exists only when a federal question appears on the face of the complaint, not in anticipated defenses or when federal law might govern the claim. *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 150 (1908).

15. Plaintiffs are masters of their complaint, and in an action where the complete preemption doctrine does not apply, and none of Plaintiffs' claims present a federal question on the face of the properly pleaded complaint, the well-pleaded complaint rule bars Removing Defendants from removing the case to federal court. *Caterpillar, Inc. v.*

*Williams,* 482 U.S. 386, 387 (1987).

16. The complete preemption doctrine does not apply to claims involving the duty of fair representation. *See Vaca.*

17. Plaintiffs' complaint raises no federal questions on its face.

18. Accordingly, no valid grounds based on the duty of fair representation and/or federal question jurisdiction exist for Removing Defendants to remove this case to this Court.

## CONCLUSION

**WHEREFORE**, Plaintiffs respectfully pray this Court:

(a) Grant this Motion to Remand;

(b) Remand this action to the Superior Court of Chatham County, Georgia;

(c) Award Plaintiff reasonable attorney's fees and costs incurred as a result of the improper removal pursuant to 28 U.S.C. § 1447(c); and

(d) Grant such other relief as this Court deems just and proper.

Respectfully submitted this 24th day of September, 2025.

| | |
|---|---|
| **PARKS, CHESIN & WALBERT PC**<br>1355 Peachtree St NE, Suite 2000<br>Atlanta, GA 30309<br><br>Tel: (404) 873-8000 | /s/ Andrew Y. Coffman<br>Andrew Y. Coffman<br>Georgia Bar No. 173115<br><br>acoffman@pcwlawfirm.com<br><br>*Attorneys for Plaintiffs* |

# CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing PLAINTIFFS' MOTION TO REMAND TO THE SUPERIOR COURT OF CHATHAM COUNTY, GEORGIA on the following counsel by electronic service:

Charles S. Herman, Esq.
Georgia Bar No. 142852
Charles Herman Law
127 Abercorn Street, Suite 208
Savannah, GA 31401
Charles@CharlesHermanLaw.com

W. Paschal Bignault, Esq.
Georgia Bar No. 056862
Bignault & Carter LLC
Parkway Professional Plaza – Suite 401
130 Canal Street
Pooler, GA 31322
pbignault@bc-laws.com

John P. Sheridan
SDNY Bar No. JS9127
Mazzola Mardon, P.C.
39 Broadway, 34th Flr.
New York, NY 10006
jsheridan@mmmpc.com

This 24th day of September, 2025.

>*/s/Andrew Y. Coffman*
>Andrew Y. Coffman
>Georgia Bar No. 173115