IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTHERN GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| STEPHEN COWART, JOSEPH HURST and KENNETH RAHN, JR.,<br><br>　Plaintiffs,<br><br>v.<br><br>ILA LOCAL 1475 CLERKS AND CHECKERS UNION, INC., GEORGIA STEVEDORE ASSOCIATION, BENNY HOLLAND JR., RICKY DELOACH, FRANK RYAN JR., STEVE SIMS, NORMAN MASSEY, TRACY O'CONNELL, MICHAEL PARSONS, DENNIS DAGGETT, ALAN ROBB, HAROLD DAGGETT, AND John Does 1-10,<br><br>　Defendants. | CIVIL ACTION FILE NUMBER:<br><br>4:25-cv-00199 |

## DEFENDANT TRACY O'CONNELL, ESQ. RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

COMES NOW, Defendant Tracy O'Connell, Esq. and files this her Response In Opposition to Plaintiffs' Motion to Remand, showing this Honorable Court as follows:

## INTRODUCTION

On June 9, 2025, Plaintiffs filed a Complaint in the Superior Court of Chatham County, Georgia. On August 25, 2025, a Notice of Removal was filed pursuant to 28 U.S.C. § 1441 as Plaintiffs' claims are preempted by section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) and thus within this Court's original jurisdiction under 28 U.S.C. § 1331. On September 24, 2025, Plaintiffs filed a Motion to Remand this action to the Superior Court of Chatham County, asserting that their claims are not preempted by section 301(a) of the LMRA as they do not require interpretation of the collective bargaining agreements or

1

memorandums of understanding entered into by ILA Local 1475 Clerks and Checkers Union, Inc. and the Georgia Stevedore Association. *See* Doc. 38 at p.3. Because Plaintiffs' claims against Defendant O'Connell are dependent on interpretation and application of the aforementioned collective bargaining agreements, Plaintiffs' claims are preempted meaning that Plaintiffs' Motion for Remand should be DENIED.[1]

## ARGUMENT AND CITATION TO AUTHORITY

I. **Plaintiffs' Claims Against Defendant O'Connell require interpretation of the Collective Bargaining Agreements attached to Plaintiffs' Complaint bringing the claims into the scope of Section 301(a) and providing a proper basis for Jurisdiction in this Court.**

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). Original jurisdiction is present when an action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

While ordinarily presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," the "complete preemption" doctrine exists as an independent corollary rule whereby the preemptive force of a statute is so "extraordinary" that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). The complete preemption corollary to the well-pleaded complaint rule is applied primarily in cases raising claims preempted by section 301 of the LMRA. *Id.* Section 301 governs claims founded directly on rights created by collective-bargaining agreements, and also claims "substantially dependent on analysis of a collective-bargaining agreement." *Electrical Workers v. Hechler*, 481 U.S. 851, 859, n. 3,

---

[1] Other Defendants in this case have received an extension to file a response to the Motion to Remand until and including October 22, 2025.

(1987); *see also Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985). Whether the LMRA preempts a state law claim is a question of law. *Lightning v. Roadway Express*, 60 F.3d 1551, 1556 (11th Cir.1995).

In determining whether Plaintiffs claims in the instant matter are "founded directly on rights created by collective-bargaining agreements," or are "substantially dependent on analysis of a collective-bargaining agreement," *Williams,* 482 U.S. at 394, the Court is not limited to looking solely at their complaint. "[B]ecause 'plaintiffs often attempt to avoid federal jurisdiction under § 301 by framing their complaints in terms of state law theories,' [courts] may 'look beyond the allegations of the complaint, often to the petition for removal, to determine whether the wrong complained of arose from a breach of the obligations under the collective bargaining agreement.' " *Cisneros v. ABC Rail Corp.*, 217 F.3d 1299, 1302-1303 (10th Cir., 2000).

The Eleventh Circuit has repeatedly applied the § 301 preemption doctrine to dismiss state law contract or tort claims that are "inextricably intertwined" with interpretation of a collective bargaining agreement. *See, e.g., United Steel, etc. Workers v. Wise Alloys, LLC*, 642 F.3d 1344 (11th Cir. 2011) (tort claim of misrepresentation/fraud); *Palmer v. Local 8285, United Steel Workers*, 234 Fed.Appx. 884 (2007) (defamation, negligent supervision, and intentional infliction of emotional distress); *Bartholomew v. AGL Resources*, 361 F.3d 1333 (11th Cir. 2004) (breach of contract, intentional infliction of emotional distress, and tortious interference and defamation claims arising prior to plaintiffs' termination); *Darden v. United States Steel Corp,* 830 F.2d 1116 (11th Cir. 1987) (claims of breach of contract, false representations, conspiracy, and conversion); *Atwater v. National Football League Players Ass'n*, 626 F.3d 1170 (11th Cir. 2010) (claims of negligent investment, negligent misrepresentation and breach of fiduciary duty); *Moon v.*

*Goodyear Tire & Rubber Co.*, 519 Fed.Appx. 620 (11th Cir. 2013) (claims of unjust enrichment and fraud).

In deciding whether state law tort claims require interpretation of the terms of a labor contract, "courts in the Eleventh Circuit look to the elements of the state law claims." *Crowne Investments, Inc. v. Food and Commercial Workers, Local 1657*, 959 F.Supp. 1473 (M.D.Ala. 1997), citing *Lightning*, 60 F.3d at 1557. Georgia law does not recognize an independent tort of "conspiracy," rather, a conspiracy is a combination between two or more persons to do some act which is a tort or else to do some lawful act by unlawful methods. *See Cook v. Robinson*, 216 Ga. 328, 328 (1960). Therefore, the gist of the action is not the conspiracy alleged, but the tort committed against the plaintiff and the resulting damage. *Id.; McIntee v. Deramus*, 722 S.E.2d 377, 379 (2012).

Though Plaintiffs have failed to plead fraud with sufficiency, Plaintiffs' Complaint states that Defendant O'Connell conspired to defraud them of the full benefits of union membership and deprive them of fair representation, equal benefits, and equal employment opportunities within the union. Doc. 1-1 at pp. 22-24, ¶¶ 72-76.[2] The full benefits of union membership, fair representation, equal benefits, and equal employment opportunities within the union are formed by the terms of the collective bargaining agreements in place. *See* Doc 1-1 at pp. 34-61. Any evaluation of an attempt by Defendant O'Connell to defraud Plaintiffs of the aforementioned benefits would require interpretation and application of the terms of the collective bargaining agreements. *See Wise Alloys, LLC*, 642 F.3d at 1351.[3]

---

[2] Defendant O'Connell disputes that Plaintiffs have sufficiently pled their claims of conspiracy, or any underlying tort to support conspiracy, against her, however this analysis is provided in order to show the Court that remand is improper.

[3] Applying Alabama law and finding that in order to determine if any fraud occurred, at a minimum there must be a determination made of the intended interpretations of the labor agreements at issue.

Plaintiffs further allege that Defendant O'Connell committed numerous overt acts in furtherance of the alleged conspiracy including "creating and implementing the discriminatory 2013 Memorandum of Understanding (MOU)[4] that established a separate and unequal seniority system", "making false statements to the NLRB regarding the fairness and non-discriminatory nature of the seniority system", and "implementing disproportionate disciplinary actions against Deck and Dock workers." *Id.* at pp. 23-24, ¶ 75. In order to determine whether the 2013 MOU was discriminatory, its terms must be evaluated. In order to determine whether false statements were made to the NLRB regarding the fairness and non-discriminatory nature of the seniority system established by the collective bargaining agreements, these agreements must be interpreted and their terms applied to whatever representations it is that Plaintiffs allege were falsely made. The same holds true concerning any determination of whether Defendants implemented disproportionate disciplinary actions against Deck and Dock workers as the procedure for such actions is outlined and controlled by the collective bargaining agreements.

Contrary to Plaintiffs' assertions in their Motion for Remand, any substantive evaluation of the conspiracy claims against Defendant O'Connell necessarily involves an analysis of the labor agreements and the rights and obligations which flow from the same, meaning the claims are inextricably intertwined with interpretation of the collective bargaining agreements and so are preempted under section 301. *See Wise Alloys, LLC,* 642 F.3d at 1351; *see also Bartholomew*, 361 F.3d at 1338-1342; *Allis-Chalmers*, 471 U.S. at 220-221; *Hechler*, 481 U.S. at 859, n. 3.

The preemption of Plaintiffs' claims means jurisdiction is proper in this Court and Plaintiffs' Motion for Remand should be DENIED.

---

[4] The memorandums of understanding are agreements between employers and a labor organization and therefore are contracts within the meaning of Section 301 of the LMRA. *See Retail Clerks Int'l Ass'n v. Lion Dry Goods*, 369 U.S. 17, 28-29 (1962).

## CONCLUSION

Because Plaintiffs' claims against Defendant O'Connell, and every other Defendant, are completely preempted under § 301 of the LMRA removal of this case was proper and Plaintiffs' Motion for Remand should be DENIED.

Respectfully submitted this 7th day of October, 2025.

**HALL BOOTH SMITH, P.C.**

3528 Darien Highway, Suite 300  
Brunswick, GA 31525  
T: (912) 554-0093  
F: (912) 554-1973  
E-mail: jdurham@hallboothsmith.com  
E-mail: fkloc@hallboothsmith.com  

*/s/ James B. Durham*  
JAMES B. DURHAM  
Georgia Bar No. 235526  

*/s/ Felix B. Kloc*  
FELIX B. KLOC  
Georgia Bar No. 920613  

*Counsel for Defendant O'Connell*

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for all parties who have appeared in this action a true and correct copy of the foregoing via the Court's electronic filing system with a copy of the foregoing also being served via electronic mail as follows:

| | |
|---|---|
| Bryan J. Henderson, Esq.<br>Guilmette Henderson, LLC<br>1355 Peachtree St. NE<br>Suite 1125<br>Atlanta, GA 30309<br>bryan@guilmettehenderson.com | Andrew Y. Coffman, Esq.<br>Parks, Chesin & Walbert PC<br>1355 Peachtree St. NE<br>Suite 2000<br>Atlanta, GA 30309<br>acoffman@pcwlawfirm.com |
| Charles S. Herman, Esq.<br>Charles Herman Law<br>127 Abercorn St.<br>Suite 208<br>Savannah, GA 31401<br>Charles@CharlesHermanLaw.com | W. Paschal Bignault, Esq.<br>Bignault & Carter LLC<br>Parkway Professional Plaza<br>Suite 401<br>130 Canal Street<br>Pooler, GA 31322<br>pbignault@bclaws.com |
| John P. Sheridan, Esq.<br>Mazzola Mardon, P.C.<br>39 Broadway, 34th Flr.<br>New York, NY 10006<br>jsheridan@mmmpc.com | Theresa L. Nelson, Esq.<br>Gordon Rees Scully Mansukhani, LLP<br>55 Ivan Allen Jr. Blvd. N.W.<br>Suite 750<br>Atlanta, GA 30308<br>tlnelson@grsm.com |

This 7th day of October, 2025.

3528 Darien Highway, Suite 300
Brunswick, GA 31525
T: (912) 554-0093
F: (912) 554-1973
E-mail: jdurham@hallboothsmith.com
E-mail: fkloc@hallboothsmith.com

**HALL BOOTH SMITH, P.C.**

/s/ *James B. Durham*
JAMES B. DURHAM
Georgia Bar No. 235526

/s/ *Felix B. Kloc*
FELIX B. KLOC
Georgia Bar No. 920613
*Counsel for Defendant O'Connell*