# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| STEPHEN COWART, JOSEPH HURST, and KENNETH RAHN,<br><br>Plaintiffs,<br><br>v.<br><br>ILA LOCAL 1475 CLERKS AND CHECKERS UNION, INC., GEORGIA STEVEDORE ASSOCIATION, BENNY HOLLAND JR., RICKY DELOACH, FRANK RYAN JR., STEVE SIMS, NORMAN MASSEY, TRACY O'CONNELL, MICHAEL PARSONS, DENNIS DAGGETT, ALAN ROBB, HAROLD DAGGETT, AND JOHN DOES 1-10<br><br>Defendants. | CIVIL ACTION NO:<br><br>4:25-CV-00199-RSB-CLR |

## PLAINTIFFS' RESPONSE TO DEFENDANTS HAROLD DAGGETT'S, DENNIS DAGGETT'S, AND BENNY HOLLAND JR.'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

COMES NOW Stephen Cowart, Joseph Hurst, and Kenneth Rahn ("Plaintiffs"), and by and through their undersigned counsel, file this, their Response to Defendants Harold Daggett, Dennis Daggett, and Benny Holland Jr.'s (the "Moving Defendants") Motion to Dismiss, which Motion was filed by the Moving Defendants on September 16, 2025. Plaintiffs ask this honorable Court to deny the Moving Defendants' Motion to Dismiss.

Plaintiffs, in filing this Response, do not waive their outstanding claim that jurisdiction is improper in this Court and the case should be remanded back to the Superior Court of Chatham County, Georgia. In opposition to the Moving Defendants' Motion to Dismiss, Plaintiffs show the Court as follows:

## INTRODUCTION, FACTUAL BACKGROUND, AND PROCEDURAL HISTORY

The factual basis for Plaintiffs' Complaint and for this response is set forth in the Complaint, accepted as true in Footnote 1 of the Moving Defendants' Memorandum of Law in support of their motion. Plaintiffs reassert Paragraphs 1-101 of the Complaint, and the Exhibits attached thereto, as if fully set forth herein.

On June 9, 2025, Plaintiffs filed the Complaint in the Superior Court of Chatham County, Georgia, bearing case no. SPCV25-00849-WA.

On August 25, 2025, Defendants filed a Notice of Removal pursuant to 28 U.S.C. §1441, removing this case to federal court. Since that date, the case has been in the District Court in the Southern District of Georgia, Savannah Division, under the above-styled case number.

On September 16, 2025, the Moving Defendants moved to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

On September 24, 2025, Plaintiffs timely filed their Motion to Remand to State Court. That motion is pending as of the time of this filing. [1]

---

[1] Plaintiffs will address the Moving Defendants' arguments under the Federal Rules of Civil Procedure, United States Code, and federal case law, without waiving their outstanding claim that this case is properly pleaded in the Superior Court of Chatham County, Georgia, not subject to preemption, and should be returned to the Superior Court and litigated under Georgia state law.

This Motion is timely filed within the time period prescribed by the Clerk of Courts in the order filed September 30, 2025.

**STANDARD OF REVIEW (RULE 12(b)(6) STANDARD)**

Plaintiffs' Complaint is a properly pled complaint by the standard of Federal Rule of Civil Procedure 12(b)(6). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

"A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556. While it is true that *Iqbal* and *Twombley* created a higher pleading standard than had existed prior, "[e]ven with the heightened pleading requirements of *Iqbal* and *Twombly*, the pleading requirements to survive a challenge to a motion to dismiss remain low." *Diedrich v. Ocwen Loan Servicing LLC*, 839 F. 3d 583, 589 (2016).

The *Iqbal* standard makes it clear that the pleadings in this case survive a Rule 12(b)(6) challenge. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Assuming the veracity of the allegations in

this pleading, Plaintiffs are entitled to relief, so the pleadings meet this standard.

## ARGUMENT

### COUNTS 2, 4, AND 5 ARE WELL-PLED CLAIMS UNDER GEORGIA STATE LAW

Counts 2, 4, and 5 are properly pled claims under Georgia state law: Count 4 is the Georgia tort of breach of fiduciary duty, and Counts 2 and 5 are allegations of civil conspiracy to effect that breach of fiduciary duty.

Moving Defendants cite *Savannah College of Art and Design v. School of Visual Arts of Savannah,* 219 Ga. App. 296 (1995), for the proposition that a Georgia civil conspiracy must allege a conspiracy to do something. This requirement is satisfied by the Complaint, which alleges a tort under the laws of the state of Georgia (breach of fiduciary duty) and civil conspiracies to commit that tort. The claims stand on their own as pled and do not implicate federal labor law, as discussed in further detail below.

The underlying tort – breach of fiduciary duty – is not codified by statute in Georgia. Rather, it is determined on a case-by-case basis, assessing the nature of relationships between parties. *See Physician Specialists in Anesthesia v. Wildmon,* 238 Ga. App. 730 (1999). The finder of fact will ultimately have to analyze the facts of the case to determine the existence or nonexistence of any fiduciary duty alleged, but it is incorrect to state that such duty has not been properly alleged in the pleadings.

Moving Defendants suggest that the Counts 2, 4, and 5 fail under Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a) requires that a claim for relief must contain:

> 1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no additional support;
>
> 2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> 3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Plaintiffs' Complaint satisfies these requirements in all counts, including Counts 2, 4, and 5. Accordingly, it survives a Rule 8(a) challenge.

### THE STATE-LAW CLAIMS IN COUNTS 2, 4, AND 5 OF THE COMPLAINT ARE NOT PREEMPTED BY EITHER SECTION 301 OF THE LMRA OR THE FEDERAL DUTY OF FAIR REPRESENTATION

Plaintiffs have pled five state-law torts under Georgia law, along with claims under Georgia law for punitive damages and attorneys' fees. None of them – including Counts 2, 4, and 5 - are preempted by federal labor law under any of the Moving Defendants' theories of preemption.

<u>Plaintiffs' Claims are Not Preempted Under the LMRA</u>

Plaintiffs' five Georgia state-law tort claims are properly pled under Georgia law, and they fit squarely within the types of state-law claims the Supreme Court has held to not be subject to §301 preemption.

Federal courts have long recognized that the limit to §301 preemption occurs where state-law causes of action exist which do not rest on the interpretation of the terms

of a collective-bargaining agreement. "[Section] 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law." *Livadas v. Bradshaw,* 512 U.S. 107, 123 (1994).

Here, Plaintiffs allege violations of the Georgia tort of breach of fiduciary duty, and illegal conspiracy actions in furtherance of those violations. Fiduciary duty is a textbook example of a nonnegotiable right conferred upon individual employees as a matter of state law: under Georgia law, it sounds in tort, not in contract, and it cannot be voluntarily contracted away under the terms of any agreement.

A claim that exists independently of the interpretation of the terms of a collective-bargaining agreement is the assertion of rights that exist under state law, completely independent of the §301 preemption doctrine and without need for this Court to interpret or analyze the collective-bargaining agreements. Federal courts recognize these rights consistently. "[I]t is the legal character of a claim, as 'independent' of rights under the collective-bargaining agreement []and not whether a grievance arising from 'precisely the same set of facts' could be pursued… that decides whether a state cause of action may go forward." *Lividas,* 512 U.S. at 123-124 (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202 (1985), and *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399 (1988).

In order to try to achieve §301 preemption, the Moving Defendants assert that "all Plaintiffs' claims relate to the two collectively bargained MOUs and/or the ILA's alleged failure to represent the Plaintiffs' interests adequately." But, crucially, Plaintiffs' claims are not claims that the Moving Defendants breached the terms of the MOUs; they are

claims that the Moving Defendants conspired with other Defendants to create the MOUs (Counts II, V) and claims that the Moving Defendants, along with other Defendants, breached fiduciary duties they owed to Plaintiffs under Georgia state law (Count IV). Under Georgia law, these duties exist regardless of what the contents of the MOUs or collective-bargaining agreements may actually be.

The fact that these MOUs exist and are part of the background of this case does not make them subject of §301 preemption, as the Moving Defendants assert. "Nor do we hold that every state-law suit asserting a right that relates in some way to a provision in a collective-bargaining agreement, or more generally to the parties to such an agreement, necessarily is pre-empted by §301. The full scope of the pre-emptive effect of federal labor-contract law remains to be fleshed out on a case-by-case basis." *Lueck,* 471 U.S. at 220.

The policy reason for §301 preemption is to prevent a situation in which a labor contract, applicable across multiple states, means different things in different states, creating regulatory chaos. But courts consistently differentiate between situations where the Court is being asked to interpret the contracts themselves, versus situations where the Court is being asked to apply state-law remedies that exist independently of the contracts. Plaintiffs' claims are the latter.

The gravamen of Plaintiffs' claims, contra to the Moving Defendants' assertion, is that the Moving Defendants entered into a civil conspiracy under Georgia state law and breached fiduciary duties owed to Plaintiffs (irrespective of the terms of the MOU) under

Georgia state law. Viewed through that lens, they are not subject to §301 preemption.

Plaintiffs' Claims are Not Subject to DFR Preemption

Plaintiffs' claims of breach of fiduciary duty and civil conspiracy are independent claims, and not preempted by the duty of fair representation.

In Georgia state courts, "it is well settled that a claim for breach of fiduciary duty requires proof of three elements: (1) the existence of a fiduciary duty; (2) breach of that duty; and (3) damage proximately caused by the breach." *Rollins et al. v. Rollins et al.,* 338 Ga. App. 308 (2016). The existence of a fiduciary duty is not codified in statute, but rather determined on a case-by-case basis, assessing the nature of relationships between parties.

The Moving Defendants assert that "the duty of fair representation completely preempts any state law claims that challenge a union's representational activities," and that thus, Plaintiffs' claims should be handled as duty of fair representation claims. This assertion misstates the actual claims Plaintiffs are making, which are Georgia state law torts independent of the union's representational activities or the duty of fair representation.

Whether the Moving Defendants owe a fiduciary relationship to Plaintiffs under the laws of the state of Georgia is a separate, distinct question from whether the Moving Defendants breached the federal duty of fair representation. The Moving Defendants' attempt to transform a well-pleaded Georgia state law tort into a federal claim that preempts state law is not founded in Georgia and/or Eleventh Circuit precedent.

The duties can be easily distinguished: a fiduciary relationship under Georgia law requires the fiduciary to act with "the utmost good faith" in his dealings with the other party. *King v. King,* 316 Ga. 354, 358. A breach of the duty of fair representation occurs where the "union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes,* 386 U.S. 171, 190 (1967).

Facially, these are not overlapping standards, and the Georgia tort imposes a higher duty on the fiduciary ("the utmost good faith") than the DFR imposes on a union (to not be "arbitrary, discriminatory, or in bad faith.") It is possible for a defendant to comply with the DFR standard but run afoul of the Georgia fiduciary standard, which makes it vital that this Court reject the Moving Defendants' argument to conflate the two. This Court should reject the Moving Defendants' effort to cast the Georgia tort of breach of fiduciary duty as a DFR issue.

Similarly, Counts II and V are allegations of Georgia state law torts based on conspiracies formed by the Moving Defendants and other Defendants, to the detriment of Plaintiffs.

This conduct, if proven to be true, would exist as tortious conduct independent of any analysis of the contents of the collective-bargaining agreements themselves. This would be true regardless of the contents of the collective-bargaining agreements, or even if no collective-bargaining agreements existed. And even if the Court were to at some point *consult* the collective-bargaining agreements in assessing the validity of the conspiracy and RICO claims, this does not by itself render the claims subject to

preemption. "[W]hen the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Lividas,* 512 U.S. at 124.

Plaintiffs make no allegation that the federal duty of fair representation is in any way the subject of their claims, and Plaintiffs deny, for reasons stated above, that the Court can convert Plaintiffs' well-pled state law claims into DFR matters. Thus, Plaintiffs have no further response to Sections III and IV of the Moving Defendants' Memorandum of Law.

## PLAINTIFFS' CLAIMS ARE GOVERNED BY GEORGIA STATUTES OF LIMITATIONS, AND ARE NOT TIME-BARRED

Having distinguished these claims from §301 and DFR claims, Plaintiffs turn to the Moving Defendants' argument that the claims are barred by a six-month statute of limitations. As Georgia state-law torts, they are not subject to a six-month statute of limitations; rather, they are subject to the Georgia statute of limitations for each claim.

The Georgia statute of limitations for RICO requires that the first predicate act occur within 5 years of filing, and that each precedent predicate act occur within 4 years of the act that had proceeded it. *See* O.C.G.A. §§16-14-1, 16-14-3(4)(A). Plaintiffs' Count I meets the Georgia statute of limitations for RICO claims.

Georgia has no specific statute of limitations for breach of fiduciary duty, but Georgia courts "examine the injury alleged and the conduct giving rise to the claim to determine the appropriate statute of limitation." *See Godwin v. Mizpah Farms, LLLP,* 330 Ga. App. 31 (2014). Each act of alleged breach of fiduciary duty that causes damage

creates a new cause of action for that specific act. *Id.* at 39. Plaintiffs allege an ongoing pattern of fraud giving rise to the claim of breach of fiduciary duty, acts of which have occurred inside of four years, and which Plaintiffs did not discover until inside of four years. Four years is the Georgia statute of limitations for fraud claims. *See Kothari v. Patel*, 262 Ga. App. 168. Plaintiffs' Counts III and IV meet the Georgia statute of limitations for breach of fiduciary duty.

Georgia has no specific statute of limitations for civil conspiracy, but rather, ties it back to the tort underlying the civil conspiracy, which underlying tort in Counts II and V is breach of fiduciary duty. Plaintiffs' Counts II and V meet the Georgia statute of limitations for civil conspiracy.

### PLAINTIFFS ARE ENTITLED TO PUNITIVE DAMAGES UNDER GEORGIA LAW; ATTORNEYS' FEES NOT CLAIMED AGAINST MOVING DEFENDANTS

Under Georgia law, punitive damages are generally available in tort actions "in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." O.C.G.A. §51-12-5.1(b). The question of whether to award punitive damages is for the finder of fact, but they must be specifically prayed for in the complaint. O.C.G.A. §51-12-5.1(d)(1). Because this is properly pleaded as a series of state-law claims under Georgia law, punitive damages are available if the finder of fact finds that they are to be awarded.

Under Georgia law, attorneys' fees shall be awarded following a verdict for damages on Plaintiffs' RICO claim. O.C.G.A. §16-14-6(c). Because this is properly pleaded as a series of state-law claims under Georgia law, attorneys' fees shall be awarded if the finder of fact finds that Defendants violated the Georgia RICO statute and Plaintiffs sustained damages as a result. However, as the Moving Defendants are not RICO Defendants, that issue is moot as to them.

## CONCLUSION

The Moving Defendants' Motion to Dismiss seeks, fundamentally, to deny Plaintiffs any forum for relief. It attempts to transform well-pled, independent state law claims under Georgia law into federal claims that don't match the substance of Plaintiffs' claims, but do carry a restrictive statute of limitations. Accordingly, Plaintiffs pray that the Moving Defendants' Motion to Dismiss be denied, and for such other relief as this Honorable Court deems just and proper.

Respectfully submitted this 14th day of October, 2025.

          **PARKS, CHESIN & WALBERT PC**

          */s/ Andrew Y. Coffman*
          Andrew Y. Coffman
          Georgia Bar No. 173115
          1355 Peachtree St NE, Suite 2000
          Atlanta, GA 30309
          Tel: (404) 873-8000
          acoffman@pcwlawfirm.com

          *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on October 14, 2025 I served a copy of the foregoing PLAINTIFFS' RESPONSE TO DEFENDANTS HAROLD DAGGETT'S, DENNIS DAGGETT'S, AND BENNY HOLLAND JR.'S MOTION TO DISMISS on the following counsel by electronic service:

Charles S. Herman, Esq.
Georgia Bar No. 142852
Charles Herman Law
127 Abercorn Street, Suite 208
Savannah, GA 31401
Charles@CharlesHermanLaw.com

W. Paschal Bignault, Esq.
Georgia Bar No. 056862
Bignault & Carter LLC
Parkway Professional Plaza – Suite 401
130 Canal Street
Pooler, GA 31322
pbignault@bc-laws.com

John P. Sheridan
SDNY Bar No. JS9127
Mazzola Mardon, P.C.
39 Broadway, 34th Flr.
New York, NY 10006
jsheridan@mmmpc.com

Theresa L. Nelson
Georgia Bar No. 601095
Gordon Rees Scully Mansukhani, LLP
55 Ivan Allen Jr. Blvd. NW
Suite 750
Atlanta, GA 30308
tnelson@grsm.com

James B. Durham
Georgia Bar No. 235526

Felix B. Kloc
Georgia Bar No. 920613
Hall Booth Smith, PC
3528 Darien Highway
Suite 300
Brunswick, GA 31525
jdurham@hallboothsmith.com

**PARKS, CHESIN & WALBERT PC**

*/s/ Andrew Y. Coffman*
Andrew Y. Coffman
Georgia Bar No. 173115