# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| STEPHEN COWART, JOSEPH HURST, and KENNETH RAHN,<br><br>Plaintiffs,<br><br>v.<br><br>ILA LOCAL 1475 CLERKS AND CHECKERS UNION, INC., GEORGIA STEVEDORE ASSOCIATION, BENNY HOLLAND JR., RICKY DELOACH, FRANK RYAN JR., STEVE SIMS, NORMAN MASSEY, TRACY O'CONNELL, MICHAEL PARSONS, DENNIS DAGGETT, ALAN ROBB, HAROLD DAGGETT, AND JOHN DOES 1-10<br><br>Defendants. | CIVIL ACTION NO:<br><br>4:25-CV-00199-RSB-CLR |

**PLAINTIFFS' RESPONSE TO ILA LOCAL 1475 CLERKS AND CHECKERS UNION, INC., RICKY DELOACH, FRANK RYAN JR., STEVE SIMS, AND MICHAEL PARSONS' MOTION TO DISMISS**

COMES NOW Stephen Cowart, Joseph Hurst, and Kenneth Rahn ("Plaintiffs"), and by and through their undersigned counsel, file this, their Response to ILA Local 1475 Clerks and Checkers Union Inc., Ricky DeLoach, Frank Ryan Jr., Steve Sims, and Michael Parsons' (the "Local Union Defendants") Motion to Dismiss, which Motion was filed by the Local Union Defendants on September 16, 2025. Plaintiffs ask this honorable Court

to deny the Local Union Defendants' Motion to Dismiss. Plaintiffs, in filing this Response, do not waive their outstanding claim that jurisdiction is improper in this Court and the case should be remanded back to the Superior Court of Chatham County, Georgia. In opposition to the Local Union Defendants' Motion to Dismiss, Plaintiffs show the Court as follows:

## I. INTRODUCTION, FACTUAL BACKGROUND, AND PROCEDURAL HISTORY

The factual basis for Plaintiffs' Complaint and for this response is set forth in the Complaint, attached as Doc. 1-1 to the Local Union Defendants' brief in support of their motion. Plaintiffs reassert Paragraphs 1-101 of the Complaint, and the Exhibits attached thereto, as if fully set forth herein.

On June 9, 2025, Plaintiffs filed the Complaint in the Superior Court of Chatham County, Georgia, bearing case no. SPCV25-00849-WA.

On August 25, 2025, Defendants filed a Notice of Removal pursuant to 28 U.S.C. §1441, removing this case to federal court. Since that date, the case has been in the District Court in the Southern District of Georgia, Savannah Division, under the above-styled case number.

On September 16, 2025, the Local Union Defendants moved to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

_____

On September 24, 2025, Plaintiffs timely filed their Motion to Remand to State Court. That motion is pending as of the time of this filing. [1]

This Motion is timely filed within the time period prescribed by the Clerk of Courts in the order filed September 30, 2025.

## II. APPLICABLE LEGAL STANDARDS

### a. Rule 12(b)(6) Standard

Plaintiffs' Complaint is a properly pled complaint by the standard of Federal Rule of Civil Procedure 12(b)(6). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

"A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556. While it is true that *Iqbal* and *Twombley* created a higher pleading standard than had existed prior, "[e]ven with the heightened pleading requirements of *Iqbal* and *Twombly*, the pleading requirements to survive a challenge to a motion to dismiss remain low." *Diedrich v. Ocwen Loan Servicing LLC*, 839 F. 3d 583,

---

[1] Plaintiffs will address the Local Union Defendants' arguments under the Federal Rules of Civil Procedure, United States Code, and federal case law, without waiving their outstanding claim that this case is properly pleaded in the Superior Court of Chatham County, Georgia, not subject to preemption, and should be returned to the Superior Court and litigated under Georgia state law.

589 (2016).

The *Iqbal* standard makes it clear that the pleadings in this case survive a Rule 12(b)(6) challenge. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Assuming the veracity of the allegations in this pleading, Plaintiffs are entitled to relief, so the pleadings meet this standard.

### b. Rule 12(d) Standard

The Local Union Defendants seek an exception, under Federal Rule of Civil Procedure 12(d), to the general rule that a Rule 12(b)(6) motion that incorporates analysis of matters outside the pleadings is, at that point, a motion for summary judgment. They should not be granted such an exception.

> "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

Federal Rule of Civil Procedure 12(d).

The Local Union Defendants are seeking an exception to this general rule under the rule promulgated in *SMF Holdings, Ltd. v. Banc of Am. Sec. LLC,* 600 F.3d (the court may consider an extrinsic document if it is (1) central to the plaintiff's claim and (2) its authenticity is not challenged.)

Central to Plaintiffs' argument that this case is not subject to §301 preemption, discussed in detail below, is the proposition that the Court need not interpret the terms of

any collective-bargaining agreement in order to resolve the claims raised. Consistent with that thesis, Plaintiffs object to the Local Union Defendants' invocation of an exception under *SMF Holdings*, as no extrinsic documents are "central" to Plaintiffs' claims for purposes of this Motion to Dismiss. "In general, if it considers materials outside of the complaint, a district court must convert the motion to dismiss into a summary judgment motion." *Id.* at 1337.

Here, the Court should restrict its analysis to a traditional 12(b)(6) judgment on the pleadings. If the Court permits extrinsic evidence, the Court should convert the motion to a motion for summary judgment, set a hearing, and allow Plaintiffs to present evidence to contest the motion.

### III. ARGUMENT

**a. Plaintiffs' Claims are Properly Pled Under Georgia State Law, and Not Subject to Preemption**

Plaintiffs have pled five state-law torts under Georgia law, along with claims under Georgia law for punitive damages and attorneys' fees. None of them are preempted by federal labor law under any of the Local Union Defendants' theories of preemption.

<u>(i) Plaintiffs' Claims are Not Preempted Under the LMRA</u>

Plaintiffs' five Georgia state-law tort claims are properly pled under Georgia law, and they fit squarely within the types of state-law claims the Supreme Court has held to not be subject to §301 preemption.

Federal courts have long recognized that the limit to §301 preemption occurs

where state-law causes of action exist which do not rest on the interpretation of the terms of a collective-bargaining agreement. "[Section] 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law." *Livadas v. Bradshaw,* 512 U.S. 107, 123 (1994).

Here, Plaintiffs allege violations of the Georgia tort of breach of fiduciary duty, and illegal conspiracy actions in furtherance of those violations. Fiduciary duty is a textbook example of a nonnegotiable right conferred upon individual employees as a matter of state law: under Georgia law, it sounds in tort, not in contract, and it cannot be voluntarily contracted away under the terms of any agreement.

A claim that exists independently of the interpretation of the terms of a collective-bargaining agreement is not a rebranding of a claim in order to avoid preemption; it is the assertion of rights that exist under state law, completely independent of the §301 preemption doctrine and without need for this Court to interpret or analyze the collective-bargaining agreements. Federal courts recognize these rights consistently. "It is the legal character of a claim, as 'independent' of rights under the collective-bargaining agreement (and not whether a grievance arising from 'precisely the same set of facts' could be pursued… that decides whether a state cause of action may go forward." *Lividas,* 512 U.S. at 123-124.

In order to try to achieve §301 preemption, the Local Union Defendants assert that "the resolution of Plaintiffs' claims are inextricably intertwined and substantially dependent upon an analysis of the Local Agreement; the 2013 MOU; the 2019 MOU; and

the 2021 MOU, which are all indisputably Section 301 contracts." But, crucially, Plaintiffs' claims are not claims that the Local Union Defendants breached the terms of the MOUs; they are claims that the Local Union Defendants conspired with other Defendants to create the MOUs (Counts I, II, V) and claims that the Local Union Defendants, along with other Defendants, breached fiduciary duties they owed to Plaintiffs under Georgia state law (Counts III, IV). Under Georgia law, these duties exist regardless of what the contents of the MOUs or collective-bargaining agreements may actually be.

The fact that these MOUs exist and are part of the background of this case does not subject them of §301 preemption, as the Local Union Defendants assert. "Nor do we hold that every state-law suit asserting a right that relates in some way to a provision in a collective-bargaining agreement, or more generally to the parties to such an agreement, necessarily is pre-empted by §301. The full scope of the pre-emptive effect of federal labor-contract law remains to be fleshed out on a case-by-case basis." *Allis-Chambers v. Lueck,* 471 U.S. 202, 220.

The policy reason for §301 preemption is to prevent a situation in which a labor contract, applicable across multiple states, means different things in different states, creating regulatory chaos. But courts consistently differentiate between situations where the Court is being asked to interpret the contracts themselves, versus situations where the Court is being asked to apply state-law remedies that exist independently of the contracts. Plaintiffs' claims are the latter.

The gravamen of Plaintiffs' claims, contra to the Local Union Defendants' assertion, is that the Local Union Defendants entered into a civil conspiracy under Georgia state law, violated the civil RICO statute under Georgia state law, and breached fiduciary duties owed to Plaintiffs (irrespective of the terms of the MOU) under Georgia state law. Viewed through that lens, they are not subject to §301 preemption.

### ii. Plaintiffs' Claims are Not Subject to DFR Preemption

Plaintiffs' claims are independent claims, and not preempted by the duty of fair representation. They are not "state causes of action that are in reality allegations of a breach of the duty of fair representation", as the Local Union Defendants assert.

#### 1. Plaintiffs' Breach of Fiduciary Duty Claims (Counts III-IV) are Independent State Law Claims, and Cannot be Preempted

In Georgia state courts, "it is well settled that a claim for breach of fiduciary duty requires proof of three elements: (1) the existence of a fiduciary duty; (2) breach of that duty; and (3) damage proximately caused by the breach." *Rollins et al. v. Rollins et al.,* 338 Ga. App. 308 (2016). The existence of a fiduciary duty is not codified in statute, but rather determined on a case-by-case basis, assessing the nature of relationships between parties.

The Local Union Defendants claim that "[c]ourts have regularly held that the DFR preempts such state-law breach of fiduciary duties [as are alleged by Plaintiffs]." As authority for this claim, they cite *Walsh v. Int'l Bhd. Of Elec. Workers,* 62 F. Supp. 300, 303, an opinion published by the District Court of the Southern District of New York in

2014, and *Smith v. Local Union No. 110, Int'l Bhd. Of Elec. Workers,* 681 F. Supp.2d 995, 1001, an opinion published by the U.S. District Court for the District of Minnesota in 2010. The Local Union Defendants have no authority from this Circuit for this claim, and certainly none that analyzes Georgia's breach of fiduciary duty tort to determine whether it would be preempted by the federal duty of fair representation.

Whether the Local Union Defendants owe a fiduciary duty to Plaintiffs under the laws of the state of Georgia is a separate, distinct question from whether the Local Union Defendants breached the federal duty of fair representation. The Local Union Defendants' attempt to transform a well-pleaded Georgia state law tort into a federal claim that preempts state law is not founded in Georgia and/or Eleventh Circuit precedent.

The duties can be easily distinguished: a fiduciary relationship under Georgia law requires the fiduciary to act with "the utmost good faith" in his dealings with the other party. *King v. King,* 316 Ga. 354, 358. A breach of the duty of fair representation occurs where the "union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes,* 386 U.S. 171, 190 (1967).

Facially, these are not overlapping standards, and the Georgia tort imposes a higher duty on the fiduciary ("the utmost good faith") than the DFR imposes on a union (to not be "arbitrary, discriminatory, or in bad faith.") It is possible for a defendant to comply the DFR standard but run afoul of the Georgia fiduciary standard, which makes it vital that this Court reject the Local Union Defendants' argument to conflate the two.

This Court should reject the Local Union Defendants' effort to cast the Georgia tort of breach of fiduciary duty as a DFR issue.

### 2. Plaintiffs' Conspiracy Claims (Counts I-II, and V) are Not Preempted

The Local Union Defendants assert that Plaintiffs' claims are "based upon Local 1475's status as the exclusive representative of the bargaining unit and its relationship to Plaintiffs" and that this means the DFR doctrine applies, as it "applies to all **union activity**."

Once again, in the absence of controlling authority to cite for their proposition, the Local Union Defendants string together a series of unrelated cases from other jurisdictions to advance the idea that Plaintiffs' conspiracy-based Georgia state law tort allegations should be treated as DFR matters and thus preempted.

But the claims in Counts I, II, and V aren't fundamentally claims about union activity. They are allegations of Georgia state law torts based on conspiracies and racketeering enterprises formed by the Local Union Defendants and other Defendants, to the detriment of Plaintiffs.

This conduct, if proven to be true, would exist as tortious conduct independent of any analysis of the contents of the collective-bargaining agreements themselves. This would be true regardless of the contents of the collective-bargaining agreements, or even if no collective-bargaining agreements existed. And even if the Court were to at some point *consult* the collective-bargaining agreements in assessing the validity of the

conspiracy and RICO claims, this does not by itself render the claims subject to preemption. "[W]hen the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Lividas,* 512 U.S. at 124.

### iii. Plaintiffs' Claims Are Not Subject to *Garmon* Preemption.

Plaintiffs' claims are not subject to preemption under *San Diego Building Trades v. Garmon,* 359 U.S. 236 (1959). The Local Union Defendants attempt to present the holding of *Garmon* in its original (and its broadest) form. However, decades of Supreme Court rulings have narrowed and clarified *Garmon's* initial rule that conduct "arguably subject to §7 or §8 of the National Labor Relations Act [NLRA] – in other words, conduct that is either arguably protected by or arguably prohibited by the NLRA – will generally be subject to preemption."

In *Farmer v. United Brotherhood of Carpenters and Joiners of America, Local 25, et al.,* 430 U.S. 290 (1977), the Supreme Court clarified that *Garmon* is not an all-purpose preemption of state law wherever a union is involved.

> "But the same considerations that underlie the *Garmon* rule have led the Court to recognize exceptions in appropriate classes of cases. We have refused to apply the pre-emption doctrine to activity that otherwise would fall within the scope of *Garmon* if that activity was 'merely a peripheral concern of the Labor Management Relations Act… (or) touched interests so deeply rooted in local feeling and responsibility that, in the absence of compelling congressional direction, we could not infer that Congress had deprived the States of the power to act."

*Farmer,* 430 U.S. at 296-97.

The *Farmer* court looked back to *Linn v. United Plant Guard Workers of America, Local 114 et al.,* 383 U.S. 53 (1966) to define the "local feeling and responsibility" test; in that case, the Court found that malicious libel could stand as a state tort, not pre-empted under the *Garmon* doctrine, because the type of conduct involved "affected such compelling state interests as to permit the exercise of state jurisdiction." *Linn,* 383 U.S at 63.

The Supreme Court has considered, on a case-by-case basis, state-law torts for libel (*Linn*), intentional infliction of emotional distress (*Farmer*), and, recently, destruction of property during a labor dispute (*Glacier Northwest Inc. v. International Brotherhood of Teamsters Local Union No. 174,* 598 U.S. 771 (2023)). It has consistently upheld the non-preemption of state law torts when outrageous conduct outside the scope of normal labor-management relations is at issue.

Here, Plaintiffs have alleged RICO, civil conspiracy, and breach of fiduciary duty, none of which are "garden-variety unfair labor practice charge[s]," as the Local Union Defendants assert. They are well-pled claims under Georgia state law asserting extraordinary, outrageous violations of the rights of the Plaintiffs as Georgia residents, regardless of their union affiliation or lack thereof. They are exactly the sort of claims the Supreme Court has distinguished from *Garmon*'s preemptive force for over half a century.

### b. Plaintiffs' Claims Are Governed By Georgia's Statutes of Limitation

Having distinguished these claims from §301 and DFR claims, Plaintiffs turn to

the Local Union Defendants' argument that the claims are barred by a six-month statute of limitations. As Georgia state-law torts, they are not subject to a six-month statute of limitations; rather, they are subject to the Georgia statute of limitations for each claim.

The Georgia statute of limitations for RICO requires that the first predicate act occur within 5 years of filing, and that each precedent predicate act occur within 4 years of the act that had proceeded it. *See* O.C.G.A. §§16-14-1, 16-14-3(4)(A). Plaintiffs' Count I meets the Georgia statute of limitations for RICO claims.

Georgia has no specific statute of limitations for breach of fiduciary duty, but Georgia courts "examine the injury alleged and the conduct giving rise to the claim to determine the appropriate statute of limitation." *See Godwin v. Mizpah Farms, LLLP,* 330 Ga. App. 31 (2014). Each act of alleged breach of fiduciary duty that causes damage creates a new cause of action for that specific act. *Id.* at 39. Plaintiffs allege an ongoing pattern of fraud giving rise to the claim of breach of fiduciary duty, acts of which have occurred inside of four years, and which Plaintiffs did not discover until inside of four years. Four years is the Georgia statute of limitations for fraud claims. *See Kothari v. Patel*, 262 Ga. App. 168. Plaintiffs' Counts III and IV meet the Georgia statute of limitations for breach of fiduciary duty.

Georgia has no specific statute of limitations for civil conspiracy, but rather, ties it back to the tort underlying the civil conspiracy, which underlying tort in Counts II and V is breach of fiduciary duty. Plaintiffs' Counts II and V meet the Georgia statute of limitations for civil conspiracy.

### c. The State-Law Claims Can Stand Against the Individual Union Officials

The Local Union Defendants' argument that the individual union officials must be dismissed as a matter of law hinges on the Local Union Defendants' inaccurate belief that these are §301 and/or DFR claims, as discussed above. These are state-law torts, and the Local Union Defendants point to no provision of Georgia law that would exempt union officials from being sued for Georgia state-law torts. Local Union Defendants cite *Universal Communications Corp. v. Burns*, 449 F. 2d 691, but that was a case in which the Court ruled that federal law controlled, and §301 preclusion applied. Plaintiffs have distinguished these claims and have shown, as discussed above, that these claims are state-law torts not subject to *Garmon,* DFR, or §301 preemption. Accordingly, the Local Union Defendants' theory of why the claims against the union officials cannot stand is inapplicable.

### d. The Complaint States Plausible Claims for Relief Under Georgia Law

#### i. The Complaint is not a DFR or §301 claim

The Local Union Defendants continue to argue in this section from the starting point that Plaintiffs are presenting a DFR or §301 claim. Plaintiffs reject this framing of their claim, as discussed above, and continue to ask the Court to treat Plaintiffs claims as well-pled Georgia state law claims not subject to either DFR or §301 preemption.

#### ii. Plaintiffs' punitive damages and attorneys' fees claims are available under Georgia law

##### 1. Punitive damages are available under Georgia law

Under Georgia law, punitive damages are generally available in tort actions "in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." O.C.G.A. §51-12-5.1(b). The question of whether to award punitive damages is for the finder of fact, but they must be specifically prayed for in the complaint. O.C.G.A. §51-12-5.1(d)(1). Because this is properly pleaded as a series of state-law claims under Georgia law, punitive damages are available if the finder of fact finds that they are to be awarded.

Alternatively, punitive damages may be awarded following a verdict for damages on Plaintiffs' RICO claim. O.C.G.A. §16-14-6(c).

### 2. Attorneys' fees are available under Georgia law

Under Georgia law, attorneys' fees shall be awarded following a verdict for damages on Plaintiffs' RICO claim. O.C.G.A. §16-14-6(c). Because this is properly pleaded as a series of state-law claims under Georgia law, attorneys' fees shall be awarded if the finder of fact finds that Defendants violated the Georgia RICO statute and Plaintiffs sustained damages as a result.

## CONCLUSION

The Local Union Defendants' Motion to Dismiss seeks, fundamentally, to deny Plaintiffs any forum for relief. It attempts to transform well-pled, independent state law

claims under Georgia law into federal claims that don't match the substance of Plaintiffs' claims, but do carry a restrictive statute of limitations. Accordingly, Plaintiffs pray that the Local Union Defendants' Motion to Dismiss be denied, and for such other relief as this Honorable Court deems just and proper.

Respectfully submitted this 14th day of October, 2025.

**PARKS, CHESIN & WALBERT PC**

*/s/ Andrew Y. Coffman*
Andrew Y. Coffman
Georgia Bar No. 173115
1355 Peachtree St NE, Suite 2000
Atlanta, GA 30309
Tel: (404) 873-8000
acoffman@pcwlawfirm.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

On October 14, 2025 I served a copy of the foregoing PLAINTIFFS' RESPONSE TO ILA LOCAL 1475 CLERKS AND CHECKERS UNION, INC., RICKY DELOACH, FRANK RYAN JR., STEVE SIMS, AND MICHAEL PARSONS' MOTION TO DISMISS on the following counsel by electronic service:

Charles S. Herman, Esq.
Georgia Bar No. 142852
Charles Herman Law
127 Abercorn Street, Suite 208
Savannah, GA 31401
Charles@CharlesHermanLaw.com

W. Paschal Bignault, Esq.
Georgia Bar No. 056862
Bignault & Carter LLC
Parkway Professional Plaza – Suite 401
130 Canal Street
Pooler, GA 31322
pbignault@bc-laws.com

John P. Sheridan
SDNY Bar No. JS9127
Mazzola Mardon, P.C.
39 Broadway, 34th Flr.
New York, NY 10006
jsheridan@mmmpc.com


Theresa L. Nelson
Georgia Bar No. 601095
Gordon Rees Scully Mansukhani, LLP
55 Ivan Allen Jr. Blvd. NW
Suite 750
Atlanta, GA 30308
tnelson@grsm.com

James B. Durham
Georgia Bar No. 235526

Felix B. Kloc
Georgia Bar No. 920613
Hall Booth Smith, PC
3528 Darien Highway
Suite 300
Brunswick, GA 31525
jdurham@hallboothsmith.com


**PARKS, CHESIN & WALBERT PC**
*/s/ Andrew Y. Coffman*
Andrew Y. Coffman
Georgia Bar No. 173115