UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| STEPHEN COWART, JOSEPH HURST, and KENNETH RAHN, <br><br> Plaintiffs, <br><br> v. <br><br> ILA LOCAL 1475 CLERKS AND CHECKERS UNION, INC., GEORGIA STEVEDORE ASSOCIATION, BENNY HOLLAND JR., RICKY DELOACH, FRANK RYAN JR., STEVE SIMS, NORMAN MASSEY, TRACY O'CONNELL, MICHAEL PARSONS, DENNIS DAGGETT, ALAN ROBB, HAROLD DAGGETT, AND JOHN DOES 1-10 <br><br> Defendants. | CIVIL ACTION NO: <br><br> 4:25-CV-00199-RSB-CLR |

**PLAINTIFFS' RESPONSE TO DEFENDANT GEORGIA STEVEDORE ASSOCIATION'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)**

COMES NOW Stephen Cowart, Joseph Hurst, and Kenneth Rahn ("Plaintiffs"), and file this Response to Defendant Georgia Stevedore Association's ("GSA") Motion to Dismiss, requesting the Court to deny the Motion. Plaintiffs do not waive their outstanding claim that jurisdiction is improper in this Court, and the

case should be remanded back to the Superior Court of Chatham County, Georgia. In opposition to GSA's Motion to Dismiss, Plaintiffs show the Court as follows:

## **INTRODUCTION, FACTUAL BACKGROUND, AND PROCEDURAL HISTORY**

The factual basis for Plaintiffs' Complaint and for this response is set forth in the Complaint, accepted as true, and in Argument Section I in GSA's Memorandum In Support of its Motion to Dismiss. Plaintiffs reassert Paragraphs 1-101 of the Complaint, and the Exhibits attached thereto, as if fully set forth herein.

On June 9, 2025, Plaintiffs filed the Complaint in the Superior Court of Chatham County, Georgia, bearing case no. SPCV25-00849-WA. On August 25, 2025, Defendants filed a Notice of Removal pursuant to 28 U.S.C. §1441, removing this case to federal court. Since that date, the case has been in the District Court in the Southern District of Georgia, Savannah Division, under the above-styled case number. On September 16, 2025, GSA moved to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). On September 24, 2025, Plaintiffs timely filed their Motion to Remand to State Court. That motion is pending as of the time of this filing.[1]

---

[1] Plaintiffs will address GSA's arguments under the Federal Rules of Civil Procedure, United States Code, and federal case law, without waiving their outstanding claim that this case is properly pleaded in the Superior Court of Chatham County, Georgia, not subject to preemption, and should be returned to the Superior Court and litigated under Georgia state law.

This Motion is timely filed within the time period prescribed by the Clerk of Courts in the order filed September 30, 2025.

## ARGUMENT AND LEGAL AUTHORITY

### A. STANDARD OF REVIEW (RULE 12(b)(6) STANDARD)

Plaintiffs' Complaint is a properly pled complaint by the standard of Federal Rule of Civil Procedure Rule 12(b)(6). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

"A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556. While it is true that *Iqbal* and *Twombly* created a higher pleading standard than had existed prior, "[e]ven with the heightened pleading requirements of *Iqbal* and *Twombly*, the pleading requirements to survive a challenge to a motion to dismiss remain low." *Diedrich v. Ocwen Loan Servicing LLC*, 839 F. 3d 583, 589 (2016).

The *Iqbal* standard makes it clear that the pleadings in this case survive a Rule 12(b)(6) challenge. "When there are well-pleaded factual allegations, a court

should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Assuming the veracity of the allegations in this pleading, Plaintiffs are entitled to relief, so the pleadings meet this standard.

### B. GSA APPLIES THE WRONG FRAMEWORK IN ARGUING ITS MOTION TO DISMISS.

GSA's entire motion to dismiss assumes that Plaintiffs' complaint is subject to pre-emption under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA"). Contrary to GSA's arguments, Plaintiffs' claims are specifically brought under state law and do not require an interpretation of the MOU or any agreement under federal law. Dkt. 1-1, generally. Because Plaintiffs' claims are not pre-empted, they are not subject to the statute of limitation or grievance procedures referenced in the LMRA and are timely under Georgia law.

### a. Plaintiffs' Claims Are Not Subject to the Preemption Doctrine Under §301 of the LMRA.

Plaintiffs' Georgia state-law tort claims are properly pled under Georgia law, and fit squarely within the types of state-law claims the Supreme Court has held to be not subject to §301 preemption. Federal courts have long recognized that the limit to §301 preemption occurs where state-law causes of action exist which do not rest on the interpretation of the terms of a collective-bargaining agreement. "[Section] 301 cannot be read broadly to pre-empt nonnegotiable rights conferred

on individual employees as a matter of state law." *Livadas v. Bradshaw,* 512 U.S. 107, 123 (1994).

Here, Plaintiffs allege breach of fiduciary duty and conspiracy. Fiduciary duty is a textbook example of a nonnegotiable right conferred upon individual employees as a matter of state law: under Georgia law, it sounds in tort, not in contract, and it cannot be voluntarily contracted away under the terms of any agreement.

A claim that exists independently of the interpretation of the terms of a collective-bargaining agreement is not a rebranding of a claim in order to avoid preemption; it is the assertion of rights that exist under state law, completely independent of the §301 preemption doctrine and without need for this Court to interpret or analyze the collective-bargaining agreements. Federal courts recognize these rights consistently. "[I]t is the legal character of a claim, as 'independent' of rights under the collective-bargaining agreement []and not whether a grievance arising from 'precisely the same set of facts' could be pursued… that decides whether a state cause of action may go forward." *Lividas,* 512 U.S. at 123-124 (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202 (1985), and *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399 (1988)).

To try to achieve §301 preemption, GSA asserts that Plaintiffs' claims stem

from issues governed by the collective-bargaining agreements. But crucially, Plaintiffs' claims are not claims that the Defendants breached the terms of the MOUs; they are claims that the Defendants conspired to create the MOUs (Counts I, II, V) and claims that the Defendants, breached fiduciary duties they owed to Plaintiffs under Georgia state law (Counts III, IV). Under Georgia law, these duties exist regardless of the contents of the MOUs or collective-bargaining agreements.

The fact that the MOUs exist in the background does not subject Plaintiffs' claims to §301 preemption as GSA asserts. "Nor do we hold that every state-law suit asserting a right that relates in some way to a provision in a collective-bargaining agreement, or more generally to the parties to such an agreement, necessarily is pre-empted by §301. The full scope of the pre-emptive effect of federal labor-contract law remains to be fleshed out on a case-by-case basis." *Allis-Chambers v. Lueck,* 471 U.S. 202, 220 (1985).

The policy reason for §301 preemption is to prevent a situation in which a labor contract, applicable across multiple states, means different things in different states, creating regulatory chaos. But courts consistently differentiate situations where they are asked to interpret the contracts themselves, versus situations where courts apply state-law remedies that exist independently of the contracts. Plaintiffs' claims are the latter. The gravamen of Plaintiffs' claims, contrary to GSA's

assertion, is that GSA entered into a civil conspiracy under Georgia state law, violated the Georgia civil RICO statute, and breached fiduciary duties owed to Plaintiffs (irrespective of the terms of the MOU). Plaintiffs' claims are not subject to §301 preemption. As the claims are not subject to §301 preemption, Plaintiffs ask the Court to find that GSA's arguments about grievance procedures are specific to §301 actions, and thus not relevant to these claims.

### b. Plaintiffs' Claims Are Governed by Georgia Statutes of Limitations and Are Not Time-Barred.

Having distinguished these claims from §301 claims, Plaintiffs turn to GSA's argument that the claims are barred by a six-month statute of limitations. As Georgia state-law torts, they are not subject to a six-month statute of limitations; rather, they are subject to the Georgia statute of limitations for each claim. The Georgia statute of limitations for civil RICO requires that the predicate act occur within 5 years of filing, and that each precedent predicate act occur within 4 years of the act that preceded it. *See* O.C.G.A. §§16-14-1, 16-14-3(4)(A). Plaintiffs' Count I meets the Georgia statute of limitations for RICO claims. Plaintiffs alleged a RICO predicate act occurred in 2021. Dkt. 1-1 Complaint, ¶ 54

Georgia has no specific statutes of limitation for breach of fiduciary duty, but Georgia courts "examine the injury alleged and the conduct giving rise to the claim to determine the appropriate statute of limitation." *See Godwin v. Mizpah*

*Farms, LLLP,* 330 Ga. App. 31, 38, 766 S.E.2d 497, 504 (2014). Each act of alleged breach of fiduciary duty that causes damage creates a new cause of action for that specific act. *Id.* at 39. Plaintiffs allege an ongoing pattern of fraud giving rise to the claim of breach of fiduciary duty, acts of which have occurred inside of four years, and which Plaintiffs did not discover until inside of four years. Four years is the Georgia statute of limitations for fraud claims. O.C.G.A § 9-3-31. Plaintiffs' Counts III and IV meet the Georgia statute of limitations for breach of fiduciary duty.

Georgia has no specific statute of limitations for civil conspiracy, but rather, ties it back to the underlying tort, which are within the statutes of limitation. All of Plaintiffs' claims are timely and within the applicable Georgia statutes of limitation.

### C. PLAINTIFFS' ALLEGATIONS ARE SUFFICIENT TO SURVIVE A MOTION TO DISMISS.

GSA argues that Plaintiffs' claims fail to state a plausible claim for relief. The allegations in Plaintiffs' Complaint, however, are pled with sufficient particularity to survive a motion to dismiss under the applicable standard. Additionally, GSA's motion seeks evidence from Plaintiffs, which are matters for discovery, not adjudication on a motion to dismiss.

   a. **Plaintiffs' Claims are Pled with Sufficient Particularity.**

Pursuant to Local Rule 9.1 and Federal Rule of Civil Procedure 9(b), Plaintiffs filed their RICO Statement and alleged with particularity the factual basis for their RICO claims. GSA conspired to violate the seniority rules by allowing personal selection of workers rather than anonymous seniority-based selection. The breach of fiduciary duty and fraud were a part of the conspiracy and necessary for the Defendants' scheme to play out. Dkt. 1-1 Complaint, ¶ 43-49. Contrary to GSA's contention, Plaintiffs pled underlying torts for fraud and breach of fiduciary duty to support their civil RICO claims. Plaintiffs alleged the existence of the confidential relationship. Dkt. 1-1 Complaint, ¶ 78-79. Plaintiffs also outlined multiple instances of Defendants' fraud and false statements throughout the Complaint allegations. To the extent that GSA argues that Plaintiffs are required to outline the entire conspiracy in their Complaint, that is not a matter for this stage; the only question is whether Plaintiffs would be entitled to relief under *any* state of provable facts. "Because civil conspiracy is by its very nature a secret endeavor, concert of action, amounting to a conspiracy, is best suited for jury resolution." *Miller v. Lomax*, 266 Ga. App. 93, 103, 596 S.E.2d 232, 242 (2004). "Civil conspiracy is an act which is by its very nature covert and clandestine, and usually not susceptible to proof by direct evidence. Concert of action, amounting to conspiracy, may be shown by circumstantial as well as direct evidence. It is not

necessary to prove an express agreement[.]" *Wright v. Apt. Inv. & Mgmt. Co.*, 315 Ga. App. 587, 595, 726 S.E.2d 779, 787 (2012). Where a complaint alleges the requisite elements of a Georgia RICO violation as part of a systematic and ongoing pattern, a Georgia RICO claim is sufficiently pled. *Larson v. Smith*, 194 Ga. App. 698, 699-700 (1990). Georgia's RICO is to be liberally construed to effectuate its purpose. *Williams Gen. Corp. v. Stone*, 280 Ga. 631 (2006); O.C.G.A. § 16-14-2(b) ("This chapter shall be liberally construed to effectuate the remedial purposes embodied in its operative provisions."). The liberal construction supports allowing RICO claims to proceed past the pleading stage when, as here, the Complaint alleges a complex scheme involving multiple actors and events. GSA's motion to dismiss should be denied.

### b. GSA Does Not Have to be an Employee or Officer for Georgia RICO to apply.

Plaintiffs do not state a count for GSA violation of 29 U.S.C. §501(c), the union embezzlement statute. What Plaintiffs *have* alleged is a state RICO count in which GSA was a participant in a scheme to effect a violation of 29 U.S.C. §501(c). Under Georgia's RICO statute, O.C.G.A. 16-14-4(c):

> (c) It shall be unlawful for any person to conspire or endeavor to violate any of the provisions of subsection (a) or (b) of this Code section. A person violates this subsection when:
> (1) He or she together with one or more persons conspires to violate any of the provisions of subsection (a) or (b) of this Code section and any one or more of such persons commits any overt act to effect the object of the conspiracy[.]

Here, "person" encompasses any natural or corporate person, including GSA. It is sufficient under this code section to conspire with another to violate the RICO statute, regardless of whether the underlying crime is something the Defendant could have accomplished as a stand-alone crime. It is thus of no significance that GSA is not an officer or employee pursuant to 29 U.S.C. §501(c).

### c. Plaintiffs' Punitive Damages Claim Should Not Be Dismissed.

Under Georgia law, punitive damages are generally available in tort actions "in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." O.C.G.A. §51-12-5.1(b). The question of whether to award punitive damages is for the finder of fact, but they must be specifically prayed for in the complaint. O.C.G.A. §51-12-5.1(d)(1). The Complaint contains tort claims which would survive GSA's motion to dismiss. Punitive damages are available if the finder of fact finds determines Defendants violated the Georgia RICO statute.

### CONCLUSION

GSA's Motion to Dismiss seeks dismissal under § 301 preemption and insufficient pleading. Plaintiffs make no claim requiring interpretation of the MOUs or a relevant agreement to require interpretation of the LMRA. Further,

Plaintiffs allegations are sufficiently pled to survive a motion to dismiss, with further evidence to be obtained in discovery, due to the secretive nature of conspiracies. Plaintiffs pray that GSA's Motion to Dismiss be denied.

Respectfully submitted this 14th day of October, 2025.

**PARKS, CHESIN & WALBERT PC**

*/s/ Andrew Y. Coffman*
Andrew Y. Coffman
Georgia Bar No. 173115
1355 Peachtree St NE, Suite 2000
Atlanta, GA 30309
Tel: (404) 873-8000
acoffman@pcwlawfirm.com

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2025 I served the foregoing PLAINTIFFS' RESPONSE TO DEFENDANT GEORGIA STEVEDORE ASSOCIATION'S MOTION TO DISMISS through CM/ECF PACER electronic service:

| | |
|---|---|
| Charles S. Herman, Esq.<br>Charles Herman Law<br>Charles@CharlesHermanLaw.com | W. Paschal Bignault, Esq.<br>Bignault & Carter LLC<br>pbignault@bc-laws.com |
| John P. Sheridan<br>Mazzola Mardon, P.C.<br>jsheridan@mmmpc.com | Theresa L. Nelson<br>Gordon Rees Scully Mansukhani, LLP<br>tnelson@grsm.com |
| James B. Durham<br>Felix B. Kloc<br>Hall Booth Smith, PC<br>jdurham@hallboothsmith.com | |

**PARKS, CHESIN & WALBERT PC**

*/s/ Andrew Y. Coffman*
Andrew Y. Coffman
Georgia Bar No. 173115