### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | |
|---|---|
| **STEPHEN COWART, JOSEPH HURST, AND KENNETH RAHN, JR.,**<br><br>Plaintiffs,<br><br>v.<br><br>**ILA LOCAL 1475 CLERKS AND CHECKERS UNION, INC., et al.**<br><br>Defendant. | **Civil Action No.**<br><br>**4:25-cv-00199-RSB-CLR** |

### DEFENDANT GEORGIA STEVEDORE ASSOCIATION'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

COMES NOW, Defendant Georgia Stevedore Association ("GSA") and respectfully opposes Plaintiffs Stephen Cowart, Joseph Hurst and Kenneth Rahn, Jr. (collectively, the "Plaintiffs") Motion to Remand (Doc. 38) showing the Court as follows:

## I.    INTRODUCTION

On June 9, 2025, Plaintiffs filed a Complaint (Doc. 1-1) in the Superior Court of Chatham County, Georgia. On August 25, 2025, Defendants ILA Local 1475 Clerks and Checkers Union, Inc., Benny Holland Jr., Ricky Deloach, Frank Ryan, Jr., Steve Sims, Michael parsons, and Harold Dagget (the "Removing Defendants") filed a Notice of Removal (Doc. 1) pursuant to 28 U.S.C. § 1441 because Plaintiffs' claims are preempted by section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) and thus within this Court's original jurisdiction under 28 U.S.C. § 1331. On September 24, 2025, Plaintiffs filed a Motion to Remand this action to the Superior Court of Chatham County, asserting that their claims are not preempted by section

301(a) of the LMRA as they do not require interpretation of the collective bargaining agreements or memorandums of understanding entered into by ILA Local 1475 Clerks and Checkers Union, Inc. and the Georgia Stevedore Association. *See* Doc. 38 at p.3.

Contrary to Plaintiffs' assertion that their claims merely allege corruption in the formation of the Collective Bargaining Agreement ("CBA") under Georgia law, the allegations are governed and preempted by federal law. Because resolution of the allegations requires interpretation of duties and obligations defined by the CBA. Plaintiffs' Motion to Remand should be denied because GSA's removal satisfies all procedural requirements under 28 U.S.C. §§ 1331, 1441, and 1446, and because this Court properly retains jurisdiction under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

## II.   ARGUMENT

Under §1446(b)(1), a defendant must file a notice of removal within thirty (30) days after receipt of the initial pleading. Here, the Removing Defendants were served with Plaintiffs' Complaint between July 24, 2025 and August 12, 2025. *See,* Doc. 1-3. The Removing Defendants filed the Notice of Removal on August 25, 2025, well within the statutory 30-day removal period. Thus, removal was timely perfected. GSA, along with the other joined defendants who had been served or were even unserved, consented to removal as required by § 1446(b)(2)(A). *See,* Doc. 1. GSA and unserved defendant Norman Massey provided its consent in writing through undersigned counsel, and it is understood all other consenting defendant expressly confirmed consent in writing, satisfying the unanimity rule. *See Id.* The removal notice also contained all necessary documents consistent with § 1446(a). Therefore, any attempt to remand this case based upon any argument of procedural deficiencies is completely without merit.

Moreover, this Court has subject matter jurisdiction under § 1331 and Plaintiffs have not shown otherwise. Where federal law entirely preempts a plaintiff's claims like those under the LMRA, federal question jurisdiction exists even if the complaint asserts causes of action under state law. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). While ordinarily presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," the "complete preemption" doctrine exists as an independent corollary rule whereby the preemptive force of a statute is so "extraordinary" that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id.* The complete preemption corollary to the well-pleaded complaint rule is applied primarily in cases raising claims preempted by section 301 of the LMRA. *Id.*

Section 301(a) provides federal jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). The Eleventh Circuit holds that § 301 preempts any state law claim where a resolution "arises from or is substantially dependent on analysis of a collective bargaining agreement." *Electrical Workers v. Hechler*, 481 U.S. 851, 859, n. 3, (1987); *see also Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985). Whether the LMRA preempts a state law claim is a question of law. *Lightning v. Roadway Express*, 60 F.3d 1551, 1556 (11th Cir.1995).

The Southern District of Georgia also applies this rule, finding preemption when adjudicating a state claim requires interpreting the CBA. *Hood v. Sweetheart Cup Co., Inc.*, 816 F. Supp. 720 (S.D. Ga. 1993), *aff'd sub nom. Hood v. Sweetheart Cup Co.*, 11 F.3d 168 (11th Cir. 1993). The analysis turns on whether determining liability necessitates construing any CBA provision, not on Plaintiffs' labelling of the claim. *See also Allis-Chalmers*, 471 U.S. at 213.

Here, Plaintiffs allege four state-law claims against GSA: (1) Violations of Georgia Racketeer Influenced and Corrupt Organization Act ("RICO") (Count 1); (2) Civil Conspiracy (Unfair Practices) (Count II); (3) Breach of Fiduciary Duty (Creation of Unfair Practices) (Count III); and (4) Civil Conspiracy (The Shipping Companies) (Count V). (Doc. 1.) The Eleventh Circuit has held that "[i]n deciding whether state law tort claims require interpretation of the terms of a labor contract, courts [should] . . . look to the elements of the state law claims." *Lightning v. Roadway Express,* 60 F.3d 1551, 1557 (11th Cir.1995).

Any question of how the CBA was formed, implemented, or overseen requires evaluating the collective bargaining framework defined by the LMRA and the CBA. Federal Courts have consistently held that assessing claims tied to the bargaining process or union conduct implicate duties under federal labor law. *See Int'l Bhd. of Elec. Workers, AFL-CIO v. Hechler*, 481 U.S. 851, 861-62, 95 L. Ed. 2d 791 (1987). Plaintiffs' attempt to heavily rely upon obligations, or any alleged breach thereof, set forth in the CBA then reframe their allegations as state law corruption claims does not avoid preemption. Plaintiffs' claims against GSA are "inextricably intertwined" with the interpretation of the CBA. *See, e.g., United Steel, et. Workers v. Wise Alloys, LLC*, 642 F.3d 1344, 1350 (11th Cir. 2011) ("…, there is no way to evaluate the fraud counterclaim without determining the intended interpretation of the Agreements."); *United Steelworkers v. Rawson,* 495 U.S. 362, 369–71, 110 S.Ct. 1904, 109 L.Ed.2d 362 (1990) (recognizing "that a state-law tort action ... may be pre-empted by § 301 if the duty" underlying the tort claim "is created by a [CBA]").

Plaintiffs cannot avoid federal jurisdiction because it is readily apparent their claims turn on federally defined bargaining obligations despite their efforts to creatively plead otherwise. Because all of Plaintiffs' claim are preempted by the LMRA, this Court has exclusive jurisdiction

to hear this case. Thus, GSA's removal under 28 U.S.C. §§ 1331, 1441, and 1446 was proper, and Plaintiffs' Motion to Remand should be DENIED.

## III.    CONCLUSION

Because Plaintiffs' claims are preempted by § 301 of the LMRA, they arise under federal law and were properly removed under 28 U.S.C. §§ 1331 and 1441. Plaintiffs' claims arise from allegations and duties governed by federal labor law and resolution of the claims will require interpretation or analysis of the CBA's existence, implementation and formation. Therefore, Plaintiffs' Motion to Remand should be DENIED.

Respectfully submitted this 22nd day of October, 2025.

**GORDON REES SCULLY MANSUKHANI, LLP**

_/s/ Theresa L. Nelson_
Theresa Nelson
Georgia Bar No. 601905
55 Ivan Allen Jr Blvd. NW, Suite 750
Atlanta, Georgia 30308
Telephone: (404) 869-9054
tnelson@grsm.com

_Attorney for Georgia Stevedore Association._

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that I have filed the within and foregoing **DEFENDANT GEORGIA STEVEDORE ASSOCIATION'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND** using this Court's efiling system which will cause electronic service upon counsel of record.

This 22nd day of October, 2025.

*/s/ Theresa Nelson*
*COUNSEL*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| **STEPHEN COWART, JOSEPH HURST, AND KENNETH RAHN, JR.,** | **Civil Action No.** |
| Plaintiffs, | **4:25-cv-00199-RSB-CLR** |
| v. | |
| **ILA LOCAL 1475 CLERKS AND CHECKERS UNION, INC., et al.** | |
| Defendant. | |

**[PROPOSED] ORDER**

Presently before the Court is Plaintiffs' Motion to Remand, and Defendant's Response in Opposition. After careful consideration of the Plaintiffs' Motion and Defendant's Response, relevant pleadings, and applicable law, the Court finds as follows:

1.  Defendant GSA has demonstrated that removal of this action was both procedurally proper under 28 U.S.C. §§ 1441 and 1446 and supported by subject matter jurisdiction und 28 U.S.C. § 1331 and § 301 of the Labor Management Relations Act (29 U.S.C. § 185).

2.  Plaintiffs' state law claims are substantially dependent upon analysis of the collective bargaining agreement and therefore completely preempted by federal law.

3.  Defendant GSA timely filed its Notice of Removal within thirty (30) days of service, in compliance with 28 U.S.C. § 1446(b), and obtained consent of all served co-defendants.

7

Accordingly, the Court Concludes that federal jurisdiction properly exists, and remand is unwarranted.

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand is **DENIED**.

SO ORDERED, this _____ day of _____, 2025.


_____
UNITED STATES DISTICT JUDGE
SOUTHERN DISTRICT OF GEORIGIA