UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

---------------------------------------------------------------------X
STEPHEN COWART, JOSEPH HURST, and :
KENNETH RAHN, JR., :
 :
                  Plaintiffs, :
 :
       v. :
 :
ILA LOCAL 1475 CLERKS AND CHECKERS :   4:25-cv-00199-RSB-CLR
UNION, INC., GEORGIA STEVEDORE :
ASSOCIATION, BENNY HOLLAND, JR., RICKY :
DELOACH, FRANK RYAN, JR., STEVE SIMS, :
NORMAN MASSEY, TRACY O'CONNELL, :
MICHAEL PARSONS, DENNIS DAGGETT, :
ALAN ROBB, HAROLD DAGGETT, and John :
Doe(s) 1-10, :
 :
                  Defendants. :
---------------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS
HAROLD DAGGETT'S, DENNIS DAGGETT'S AND BENNY HOLLAND, JR.'S
MOTION TO DISMISS PURSUANT TO RULE 12 (b)(6)**

**INTRODUCTION**

In their principal brief, Defendants Harold Daggett, Dennis Daggett and Benny Holland, Jr. ("Holland"), collectively ("ILA Defendants"), showed that Plaintiffs' Complaint failed to state any claim whatsoever against the ILA Defendants. However, to the extent that Plaintiffs were trying to allege that the ILA Defendants breached their supposed "fiduciary duty," any such claim was preempted by the federal duty of fair representation ("DFR"), and Plaintiffs had brought their claim well beyond the statute of limitations period.

In their opposition, Plaintiffs are unable to point to any allegations in their Complaint to flesh out their claims, so instead they ask this Court to infer allegations that simply are not there.

Aside from Plaintiffs' failure to allege sufficient claims, Plaintiffs also effectively ignore the doctrine of federal preemption. Plaintiffs argue that their state-law claims should not be preempted because Georgia common law requires a different analysis and different legal standards then federal law. But that is **precisely** the reason that the Congress invoked federal supremacy over labor relations law: in order to avoid inconsistent and conflicting legal interpretations from state to state. Moreover, Plaintiffs are incorrect that their claims can exist independently from the DFR owed by the union as their bargaining representative or from the terms of the two collective bargaining agreements ("CBAs") they attach to their Complaint—the "2013 MOU" and the "2019 MOU."

Thus, to the extent Plaintiffs are trying to allege that ILA Defendants breached their "fiduciary duty," Plaintiffs are invoking rights based on a union's status as a bargaining representative and those state-law claims are preempted by the DFR and/or Section 301 of the Labor Management Relations Act ("LMRA") and are therefore time-barred.

Additionally, the Complaint also fails to state a claim as a matter of law because all of the ILA Defendants are individuals and neither a DFR claim nor a Section 301 claim may be brought against individuals.

## ARGUMENT

### I.

### COUNTS 2, 4, AND 5 FAIL TO STATE A CLAIM

As ILA Defendants explained in the original brief, the conspiracy claims (Counts II and V) against Holland fail to state a claim because a conspiracy claim must allege a substantive tort as on object of the conspiracy: "the conspiracy of itself furnishes no cause of action." *Savannah College of Art & Design v. School of Visual Arts of Savannah*, 219 Ga. App. 296, 297 (citation

omitted). Counts II and V fail to specify or allege any such tort, and as a result they fail to state an actual conspiracy claim.

Unable to respond to this argument, Plaintiffs argue that the Court may infer that the underlying tort in the conspiracy claims is the claim for "breach of fiduciary duty" which is mentioned elsewhere in the complaint—but nowhere in the two conspiracy counts. But Plaintiffs cannot amend their complaint by an argument in their brief. *See Huls v. Llabona*, 437 F. App'x 830, 832 n.5 (11th Cir. 2011) (finding that a claim is not properly raised where asserted for the first time in response to a motion to dismiss). Counts II and V say nothing about Holland conspiring to commit a breach of fiduciary duty, let alone allege the essential elements of such a claim. *Bedsole v. Action Outdoor Advert. JV, LLC*, 325 Ga. App. 194, 201 (2013) (the elements of a breach of fiduciary claim are (1) the existence of a fiduciary duty; (2) breach of that duty; and (3) damage proximately caused by the breach) (quoting 22 OCGA § 23–2–58). Nor is Holland even named in either of the other two counts that **do** purport to be claims for the breach of fiduciary duty.

Regardless, even if the Court were to infer the breach of fiduciary duty into Counts II and V, the counts would fail for the same reasons that Count IV against Harold and Dennis Daggett fails. As the ILA Defendants already discussed in their initial brief, Count IV **does** explicitly purport to be a count for breach of fiduciary duty, but it pointedly fails to allege sufficient facts that show the existence of that fiduciary duty under Georgia law.

In Georgia, fiduciary duties are owed by those in "confidential relationships" as defined by OCGA § 23–2–58. *Physician Specialists in Anesthesia, P.C. v. Wildmon*, 238 Ga. App. 730, 732 (1999) (citation omitted) ("Any relationship shall be deemed confidential, whether arising from nature, created by law, or resulting from contracts, where one party is so situated as to exercise a

controlling influence over the will, conduct, and interest of another or where, from a similar relationship of mutual confidence, the law requires the utmost good faith, such as the relationship between partners, principal and agent, etc.") (quoting OCGA § 23–2–58).  Aside from the conclusory allegations that such a duty existed,[1] there are no facts alleged in this complaint that would show the existence of some "confidential relationship" between Plaintiffs and the ILA Defendants that would create such a fiduciary duty under Georgia law.

Again, Plaintiffs appear to ask this Court to infer something that is **not** specified in their Complaint, namely that the relationship between a union and a member of the bargaining unit represented by that union is one of the "confidential relationships" that creates a fiduciary duty under Georgia law.

In that regard, aside from conclusory statements in Counts II and V, the **only** reference made by the Complaint to **any** duty owed by the ILA Defendants to Plaintiffs is the "duty of fair representation."  ECF #1-1, Compl., ¶ 46; *see also id.* at ¶ 73 (Deck and Dock ("DND") workers were "depriv[ed] of fair representation"); ¶ 80(d) (the union failed to "provide equal representation").  And the facts alleged by Plaintiffs in Count IV (which is supposedly a count for breach of fiduciary duty) relate entirely to the collective bargaining relationship between a union and the employees it represents and not to any supposed confidential relationship under Georgia law.  For example, Plaintiffs allege that the ILA Defendants failed to properly address grievances

---

[1] Indeed, even when Plaintiffs try to articulate the basis for a fiduciary duty, they cannot avoid invoking the DFR.  Plaintiffs allege in Count III that Local 1475 owed them a fiduciary duty that was "established under the principles of union representation" and that required them to "represent them fairly and without discrimination."  Compl. ¶¶ 78, 79.  Rather than support the existence of a fiduciary duty, these allegations only highlight that the duty allegedly breached by the ILA Defendants was the duty they owed as Plaintiffs' union representative to represent them fairly. *See Vaca v. Sipes*, 386 U.S. 171, 87 (1967).

filed with the local seniority board regarding discriminatory practices. Compl., ¶ 85(d). These allegations relate to the administration and enforcement of the Plaintiffs' seniority rights as defined in the MOUs and are covered by the DFR. *See Air Line Pilots Ass'n, Intern. v. O'Neill*, 499 U.S. 65, 67 (1991) (the DFR to "applies to all union activity," including the negotiation, administration, and enforcement of CBAs); *Oltmanns v. Int'l Longshoremen's* Ass'n, 837 F. App'x 689, 694 (11th Cir. 2020) (the DFR applies to union's handling of seniority grievances); *Harris v. Schwerman Trucking Co.*, 668 F.2d 1204, 1206 (11th Cir. 1982) (union "has an obligation to fairly represent the employee during the course of grievance proceedings."). Likewise, Plaintiffs' allegations that the ILA Defendants failed to properly address the DND workers' complaints about the seniority system and renegotiate the MOUs are also subsumed by the DFR. *See* Compl. ¶¶ 36-37, 87; *O'Neill,* 499 U.S. at 67; *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1519-1520 (11th Cir. 1988) (the DFR applies broadly to the negotiation, administration, and enforcement of CBAs, including collective bargaining, processing grievances, and seeking ratification of agreements). And as ILA Defendants already explained at length in the principal brief, the DFR is a duty created and governed by **federal** law.

Plaintiffs all but concede in their brief that their claims against the ILA Defendants **could** have been styled as DFR claims, but they want the opportunity to bring them as state law fiduciary duty claims instead because the state-law claims have a longer statute of limitations and because Georgia law might impose a higher duty on unions than federal law does. *See* ECF #48, at p. 9. But the doctrine of federal preemption does not allow the Plaintiffs to choose among competing legal theories in this situation. That is because the **only** "duty" owed by a union to the members of the union's bargaining unit is the federal DFR—all analogous state-law duties are preempted by the DFR. *See Miranda v. Nat'l Postal Mail,* 219 F. App'x 340, 343 (5th Cir. 2007) (holding

that the plaintiff's claim for breach of fiduciary duty was preempted because "the duty allegedly breached by the [d]efendants ar[ose] from their status as [the plaintiff's] collective bargaining representatives, [and] thus ... [the plaintiff's] claims [were] ... properly characterized as duty of fair representation claims") (citing *Richardson v. United Steelworkers of America*, 864 F.2d 1162, 1166 (5th Cir. 1989)); *Clark v. Newport News Shipbuilding & Dry Dock Co.*, 937 F.2d 934, 938 (4th Cir. 1991) ("[I]n order to point to a duty beyond the duty of fair representation [that a union owes], the employee must be able to identify specific language in the agreement creating an additional obligation or right.").

In this regard, courts **routinely** find that the DFR preempts state-law claims for breach of fiduciary duty. *E.g.*, *Towns v. Directors Guild of Am., Inc.*, No. 1:19-CV-03248, 2020 WL 4001131, at *5 (N.D. Ga. July 15, 2020), aff'd, No. 21-12044, 2022 WL 169017 (11th Cir. Jan. 19, 2022) (finding that the DFR as a basis to preempt breach of fiduciary duty claim); *Williams v. Amalgamated Transit Union Loc. 689*, 245 F. Supp. 3d 129, 136 (D.D.C. 2017), aff'd, No. 17-7076, 2017 WL 4217248 (D.C. Cir. Aug. 23, 2017) (breach of fiduciary duty claim preempted by DFR); *Diaz v. Nat'l Postal Mail Handlers Union, 311*, No. 7:15-CV-120-DAE, 2016 WL 866938, at *3 (W.D. Tex., 2016) (breach of fiduciary duty is preempted by the duty of fair representation); *Bryant v. Am. Fed. of Musicians*, 2015 WL 7301076, at *3 (S.D.N.Y., 2015) (same); *Walsh v. Int'l Bhd.. of Elec. Workers Local 503*, 62 F. Supp. 3d 300, 303 (S.D.N.Y. 2014) (same; "A state law claim is subsumed by the duty of fair representation—and thus preempted—if it imposes an obligation on the union already imposed by the duty of fair representation."); *Emory v. United Air Lines, Inc.*, 821 F. Supp. 2d 200, 243 (D.D.C., 2011) (same).; *Chamernick v. United Steelworkers of Am., Local 2660*, 2009 WL 1209467, at *5 (D.Minn.,2009) ("Plaintiffs' claims for breach of fiduciary duty are also completely preempted by the duty of fair representation."); *Lindsey v. ATU*

*Int'l*, 2008 WL 2434302, at *3 (N.D.Tex.,2008) (same; "it is clear that while the plaintiffs have couched their complaint in state law terms, they are in reality claiming that ATU International breached its duty of fair representation"); *Taylor v. Giant Food, Inc.*, 438 F. Supp. 2d 576, 584 (D. Md. 2006) (breach of fiduciary claim preempted by the DFR); *Maurer v. Trans World Airlines, Inc.*, 316 F.Supp.2d 84, 92 (D.Conn., 2003) (same); *Oliva v. Wine, Liquor & Distillery Workers Union, Local One*, 651 F. Supp. 369, 371 (S.D.N.Y. 1987) (same).

Plaintiffs argue that state law should apply because Georgia might want to create a more stringent standard for union representation with a longer limitations period, but that is precisely the sort of conflict between state and federal law that Congress intended to prevent when it decided to preempt the field of labor law. *See, e.g., Ford v. Air Line Pilots Ass'n Int'l.*, 268 F. Supp. 2d 271, 292 (E.D.N.Y., 2003) ("[B]oth the breach of contract and the fiduciary duty claims are necessarily duplicative of and preempted by the duty of fair representation claim. Even if a state has substantial interest in regulating the bargaining process between interstate airline carriers and the unions that represent their employees, it would certainly threaten undue interference with the union's duties to permit the different laws of fifty states to impose different duties upon them in this context.").

In this case it is clear from the allegations in Count IV that whatever state-law claim Plaintiffs are attempting to plead is both duplicative of, and subsumed by, the DFR. For example, the Complaint alleges that the ILA "Defendants[]. . . effectively promoted and perpetuated the discriminatory system that disadvantaged Deck and Dock workers. It constituted a fundamental betrayal of the union's **duty to represent all its members fairly**." Compl., ¶ 87 (emphasis added). In their very own words, Plaintiffs allege a violation of the DFR by Defendants Harold and Dennis Daggett within that Count. *See Vaca v. Sipes*, 386 U.S. 171, 190 (1967); *see also* ¶

88 (Plaintiffs suffered as damages "**a loss of fair representation with the union**") (emphasis added).

Despite protestations to the contrary, Counts II, IV, and V of the Complaint are federal claims arising under the DFR and are therefore barred by the six-month statute of limitations set forth in Section 10(b) of the NLRA.  29 U.S.C. § 160(b).  The 10(b) limitations period as to the ILA Defendants began to run on June 4, 2021, when the ILA informed Plaintiffs that it would not impose an emergency trusteeship over ILA Local 1475 and instead created the "Holland Committee."  *See* Compl., ¶¶ 36-37; *Proudfoot v. Seafarers Int'l Union*, 779 F.2d 1558, 1559 (11th Cir. 1986) ("§ 10(b)'s six-month limitation period starts running when the plaintiff was or should have been aware of the acts constituting the alleged violation.") (citing *Howard v. Lockheed-Georgia Co.*, 742 F.2d 612, 614 (11th Cir. 1984)).  Thus, Plaintiffs' claims are untimely.

The claims are also time-barred because they cannot be resolved without analysis of the MOUs and therefore are preempted by Section 301 of the LMRA. *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985).  Such hybrid § 301/DFR claims against a union and employer also have a six-month statute of limitations period.  *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 152 (1983); *Erkins v. United Steelworkers*, 723 F.2d 837, 838 (11th Cir. 1984).

Rather than come to grips with the clear limitations period, Plaintiffs cite to *Livadas v. Bradshaw,* 512 U.S. 107, 125 (1994), which is not at all analogous to the facts here.   In that case, the Supreme Court ruled that a state-law claim was not preempted when it only required the lower court to "refer" to the wage rates in the CBA for purposes of calculating damages.  *See id.*  In this case, however—and despite what Plaintiffs contend—absolutely none of Plaintiffs' claims can be resolved without **extensive** interpretation of the two MOUs.  *See Allis-Chalmers Corp.*, 471

U.S. at 220. Plaintiffs' allegations that Defendants breached a fiduciary duty by how they negotiated and administered the discriminatory MOUs, and by failing to properly address the DND workers' complaints over the MOUs, substantially depend on analysis of the CBAs to determine if those agreements were negotiated, executed, and enforced in a "discriminatory" manner that violated that supposed duty. *See* Compl. ¶¶ 71-76, 83-96; *Atwater v. National Football League Players Ass'n*, 626 F.3d 1170, 1176-77 (11th Cir. 2010).

As explained in the initial brief, almost all of Plaintiffs' allegations about the DND workers' complaints over the MOUs substantially depend on the analysis of these CBAs to determine whether the MOUs discriminated against the DND workers with regards to seniority, wages, benefits, discipline, grievances, job opportunities, promotions, etc. *Id.* at ¶¶ 24-30, 32-49, 56-63, 73-75, 78-81, 84-88, 91-95. The claims are therefore "inextricably intertwined" with rights founded in the CBA and thus preempted by Section 301. *See Allis-Chalmers*, 471 U.S. at 213. As a result, the claims are untimely under the applicable six-month statute of limitations period. *See DelCostello*, 462 U.S. at 152.

## II.

### INDIVIDUALS CANNOT BE SUED FOR A BREACH OF THE DFR

As the ILA Defendants explained in their initial brief, Plaintiffs' claims also fail because the named ILA Defendants are all individuals and therefore cannot be held liable for any DFR claim as a matter of law.[2] Plaintiffs do not even oppose this argument in their brief.

The Supreme Court has stated that "the national labor policy requires and we hold that when a union is liable for damages . . . its officers and members are not liable for these damages"

---

[2] Nor can individual union defendants be held liable for Section 301 violations. *See Local 472, United Ass'n of Journeymen & Apprentices v. Georgia Power Co.*, 684 F.2d 721, 725 fn. 3 (11th Cir. 1982) (citing *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 249 (1962)).

*Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 249 (1962).  The district courts within this Circuit are in accord.  *Miller v. King*, 7:14-cv-00872-LSC, 2015 WL 661395, n. 1 (D. Al. Feb. 17, 2015) ("[I]ndividual union officials cannot be held liable for breach of a union's duty of fair representation."); *Gililand v. Air Line Pilots' Ass'n*, 741 F.Supp.2d 1334, 1342, n. 11 (N.D. Ga. 2009) (same).  Any amendment adding additional duties owed to Plaintiffs from the Defendants would therefore be an exercise in futility that this Court need not permit.

Similarly, Plaintiffs failed to respond to the ILA Defendants' argument that they do not owe a DFR because they are international officers and international unions do not owe a DFR to the local union members.  *See e.g.*, *Baker v. Newspaper & Graphic Comm'cns Union, Local 6*, 628 F.2d 156, 165 (D.C. Cir. 1980) (rejecting "claim that the [i]nternational violated its duty of fair representation" where it "was neither the bargaining representative nor a party to the collective bargaining agreement"); *see also Tongay v. Kroger Co.*, 860 F.2d 298, 299-300 (8th Cir.1988) (international did not have a duty of fair representation because it was not the exclusive bargaining representative).  Plaintiffs' DFR claims against the named ILA Defendants therefore fail for this reason as well.

## CONCLUSION

For the foregoing reasons and for those stated in the Principal Brief, the Defendants request that this Court dismiss the Complaint with prejudice.

Dated:   New York, New York
         October 28, 2025

Respectfully submitted,

| MAZZOLA MARDON, P.C. | BIGNAULT & CARTER, LLC |
|---|---|
| /s/ John P. Sheridan | /s/ W. Paschal Bignault |
| John P. Sheridan | W. Paschal Bignault |
| Daniel Wolff | 130 Canal Street, Suite 401 |
| Nicholas M. Graziano | Pooler, GA   31322 |
| 39 Broadway, 34th Floor | |
| New York, NY 10004 | *Local Counsel for Defendants Harold Daggett,* |
| (212) 425-3240 | *Dennis Daggett, and Benny Holland, Jr.* |

*Attorneys for Defendants Harold Daggett, Dennis Daggett, and Benny Holland, Jr.*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

---

| | |
|---|---|
| STEPHEN COWART, JOSEPH HURST, and KENNETH RAHN, JR., | : |
| Plaintiffs, | : |
| v. | : |
| ILA LOCAL 1475 CLERKS AND CHECKERS UNION, INC., GEORGIA STEVEDORE ASSOCIATION, BENNY HOLLAND, JR., RICKY DELOACH, FRANK RYAN, JR., STEVE SIMS, NORMAN MASSEY, TRACY O'CONNELL, MICHAEL PARSONS, DENNIS DAGGETT, ALAN ROBB, HAROLD DAGGETT, and John Doe(s) 1-10, | : 4:25-cv-00199-RSB-CLR |
| Defendants. | : |

---

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the foregoing document via electronic mail to Plaintiffs' attorney as follows:

Bryan J. Henderson, Esq.
Guilmette Henderson, LLC
1355 Peachtree St. NE
Suite 1125
Atlanta, GA 30309
bryan@guilmettehenderson.com

This 28th day of October 2025.

**BIGNAULT & CARTER, LLC**
/s/ W.Paschal Bignault
W. Paschal Bignault
130 Canal Street, Suite 401
Pooler, GA 31322
*Local Counsel for Defendants Harold Daggett, Dennis Daggett, and Benny Holland, Jr.*

1003-655
149256